CITY OF SCHENECTADY, Respondent, v. CARMEN LAURICELLA et al., Appellants. CITY OF SCHENECTADY, Respondent, v. ROCCO ERRICHETTO (ARKET) et al., Appellants.— Appeals by defendants from an order of the Supreme Court at Special Term which confirmed the report of the commissioners in a condemnation action. Appellants' contention that the determination was not that of all or a majority of the commissioners (Condemnation Law, § 14) is not substantiated in any respect by the record, which is, in fact, directly to the contrary, or by the circumstance that, according to the report, the chairman expended additional time "in further detailed examination of the record and preparing [the] Report." Appellants contend, also, that the report should show "how much was allowed for each building, how much for the land, and whether or not an allowance was made for certain elements such as fixtures." We agree that the report should be sufficiently explicit to advise the landowner clearly as to the basis of the award and to permit intelligent judicial review. There is no requirement, however, that lands and buildings be separately evaluated and separate findings reported (cf. Condemnation Law, § 14; *Sparkill Realty Corp.* v. *State of New York,* 254 App. Div. 78, 85, affd. 279 N. Y. 656) although unusual circumstances, not existing here, might in some cases render such detailed treatment helpful and proper. Neither does any prejudice arise by reason of the commissioners' failure to state whether allowance was made for fixtures or business equipment, as, first, the commissioners, on the hearing, explicitly ruled against appellants' theory and, second, it is clear from the record that no such allowance would have been proper in either of the cases before us. Appellants rely on *Glen & Mohawk Milk Assn.* v. *State of New York* (2 A D 2d 95, 97), but there we approved the finding of the Court of Claims that the plant involved was a *specialty* — "especially built and equipped for the receiving and processing of milk, and constituted an 'adjusted, synchronized and perfected' unit." The buildings were held suitable for no other purpose. The plant was "fully equipped with complex and expensive machinery and piping necessary for the various operations." There is no comparable factual situation in either of the appeals before us. The Lauricella appeal involves a building operated as a grocery store. The store equipment costing $15,000

was removed by the owner after eight years' use and sold for $2,300. The record is not clear as to whether this equipment included certain shelving as to which the testimony of the owner (upon whom the burden of proof rested) is confused and as to which the expert testimony is insubstantial. The Errichetto appeal involves a building in which was located a cleaning and tailoring establishment and residential apartments and in that situation we again fail to find any parallel to the *Glen & Mohawk Milk Assn.* case (*supra*) or any basis for the contention that compensation should have been allowed for a boiler and water softener. None of the other contentions urged seem to us to merit discussion. Order unanimously affirmed, with one bill of costs to respondent. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.