■ ANTHONY E. KASTELIC et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43280.) — AULISI, J. Cross appeals from a judgment in favor of claimants, entered January 13, 1967, upon a decision of the Court of Claims. Claimants owned approximately 3.254 acres in the Town of Cortlandt, Westchester County, on the south side of what was then Route 9. There was frontage along this highway of over 350 feet which was zoned commercial to a depth of 200 feet. The balance of the property was zoned residential. The property contained a two-story residence situated on a knoll, the acreage sloping upward gently from being at highway grade. The residence was found to be adaptable for conversion to commerical use being located in the commercial zone. There were two cottages located in the residential portion with a circular drive, walks, lawns and landscaping. The State appropriated approximately .525 acre in fee for highway purposes. The area taken was generally triangular in shape and almost all of it was located in the commercial zone. The taking included about 225 feet of frontage leaving 128.6 feet along the highway. This remainder would be further reduced by the necessity of providing a strip 50

feet wide in order to allow for access to the residential portion of the property. Aside from the access required to utilize the residential area, it was agreed that the residentially zoned land and the buildings were not damaged by the actual appropriation. The Court of Claims found the highest and best use before the appropriation to be for general highway commerical purposes with incidental residential occupancy and after the taking the highest and best use was limited commercial use with incidental residential occupancy. The court found the fair and reasonable market value before the appropriation was $100,650 and after the taking was $70,650 for total damage of $30,000. The damage represented $18,375 direct damage and $11,625 consequential damages to the remainder. Each party presented testimony by an expert who relied on comparable sales and upon appeal contends that the evidence of the opposing expert is entitled to little or no weight, citing several of the same cases to support their position. The State also argues that there was no demand for commercial property at the time of the taking, that the award is excessive and that the consequential damages are inconsistent with a finding of commercial use after the appropriation. Claimants contend that the award was justified, but is inadequate. The record presents basic disagreements as to value and demand as well as how the use of the property would best be accomplished. The appraisers used comparable sales in their evaluations, some of the same sales being used by each, but both found it necessary to adjust the comparables between one another and each of them and the subject property because of their differences. These differences are the proper subject of adjustment by expert witnesses and the degree of comparability becomes a question of fact (see *Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41, 45–46). Route 9 was a well-travelled highway and there was substantial residential development in the area to support commercial enterprise. The subject property fronted along this highway at grade, on a curve and sloped upgrade in such a way that it was readily visible from the highway, enhancing its value. The commerical acreage remaining after the appropriation was still usable, but was substantially reduced as was the frontage of which only about 78.6 feet remained available. This obviously limited its value even as commercial property. The damages found by the court are within the range of evidence and a review of the entire record fails to disclose sufficient basis to disturb its determination. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.