Charles Lambiase, J.
Plaintiff above named, by notice of motion dated December 29, 1967 and returnable January 16, 1968 before this court, has moved for an order confirming the report of the Commissioners of Appraisal in the above matter and ‘ ‘ for a Final Order herein and for such other and further relief as may be just and proper.”
Defendants Leonard W. Schwartz and Schwartz Metal Company, Inc., by notice of cross motion dated January 10, 1968 *488 returnable January 16, 1968 before this court, have moved ‘ ‘ for an Order granting to the said defendant an additional allowance of five percent (5%) of the award herein, pursuant to Section 16 of the Condemnation Law of the State of New York, and for such other and further relief as the Court may deem just and proper.”
The signed report of the Commissioners of Appraisal filed herein in brief sets forth the description of the property involved by metes and bounds, the appearances for plaintiff and the defendants Leonard Schwartz and Schwartz Metal Company, Inc., and that the Commissioners ‘ ‘ after viewing the premises, hearing the proofs and allegations of the parties together with the arguments of counsel, and the testimony being closed, did, without unnecessary delay, ascertain and determine the compensation to be made to the defendants Leonard W. Schwartz and Schwartz Metal Company, Inc., the property to be taken as above specified, which compensation above referred to is found and determined to be as follows:
“ To the said defendant Leonard W. Schwartz the sum of One Hundred Eighty-Six Thousand ($186,000.00) Dollars for the real estate herein mentioned and described as parcel No. 2 and all his right, title and interest therein.
‘1 we do further report that in determining the sum to be paid to the Defendant, Leonard W. Schwartz, herein, as compensation for the taking of the premises described herein as parcel No. 2 we have awarded as compensation the fair market value of said lands and premises. This award is made on the basis that this property will be free of all liens and encumbrances.” The defendants, Leonard W. Schwartz and Schwartz Metal Company, Inc., have excepted to said report signed by the Commissioners herein on the grounds that:
“ (1) On the ground that the award is grossly inadequate; “ (2) On the ground that the Report of the Commissioners is so brief as to preclude the filing of specific Exceptions which would be possible had the Report been more detailed as to the Commissioners’ Findings, their various methods of valuation and approaches used in valuation, the specific values allocated to land and improvements, etc.;
“ (3) On the ground that the award is contrary to the evidence and against the weight of the evidence. ’ ’ These exceptions are dated February 1, 1968 and were served and filed with the court subsequent to the argument of the motions by agreement of counsel and permission of the court. We now *489 discuss matters contemplated by exception numbered two above.
“ The sufficiency of a report of commissioners in a condemnation proceeding depends largely upon the requirements of the Statute. Section 14 of the Condemnation Law prescribes that the commissioners ‘ shall make a report of their proceedings to the court which appointed them [Supreme Court], with the minutes of the testimony taken by them, if any; ’ otherwise it is silent as to its form. It may be said, in general, that the report should be clear, explicit and certain, and should leave no doubt as to what has actually been decided.” (Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490, 494.)
‘ ‘ "While it is true that the commissioners are given wide latitude and discretion in arriving at their decision and that the power in the court to review their award is somewhat limited, it is necessary that the report of the commissioners shall be sufficient on its face to enable the court to intelligently review the determination made. The report should set forth the rule of damages adopted by the commissioners and, in general, should be clear, explicit and certain (Tennesee Gas Transmission Co. v. Bean, 283 App. Div. 684) and should leave no doubt as to what has actually been decided (Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490) ”. (Spring Val. Supply Co. v. Haslach, 24 Misc 2d 730, 732.) And in City of Schenectady v. Lauricella (9 A D 2d 996), it is said “ that the report should be sufficiently explicit to advise the landowner clearly as to the basis of the award and to permit intelligent judicial review.”
As is quite usual in condemnation proceedings, there is a wide variance herein in the valuations placed upon the appropriated land and improvements thereon by the real estate experts on the respective sides, and there is a difference of opinion, particularly as to that part thereof involved in the owner’s claim of a pre-existing legal nonconforming industrial use as a machine shop.
The foregoing is apparent from a reading of the transcript of the testimony of said experts before the Commissioners and of their written appraisals in evidence in the proceedings. One, James F. Scott, real estate expert for the petitioner, takes the position that: “we felt the highest and best use of the land would be primarily for the road frontages to be developed in .acreage parcels for residential use, and the remaining acreage in the center lands to be used for recreational purposes, perhaps in conjunction with the residential use”; and (with particular reference to the machine shop): “ we felt, therefore, *490 the use did not reflect itself in the value of the property. However, certainly the machinery and equipment is of fine quality that is used by many machine shops and probably would be readily saleable. We made no attempt to appraise it.” And one, Donald A. Lum, testifying for defendants Schwartz, in his appraisal report in evidence at page 5 thereof takes the position that: “Highest and best use of the subject property, apart from development to park purposes, would result from continued use of a portion for machine shop purposes, together with the owner’s residence, and development of the remainder for residential subdivision and small country estates.” With such a discrepancy in the opinion of witnesses for the respective parties and “In such a situation the report should state separately the value of the land and the improvements thereon and the elements and principles considered by the commissioners in arriving at such values.” (Matter of Dodge [Revoir], 278 App. Div. 743, 744.)
Particularly, on this report, we are unable to intelligently review the determination of the Commissioners as to the Schwartz claim of a legal nonconforming industrial use as a machine shop as to part of his property and improvements thereon, and as to his further claim involving the value of machines and other fixtures annexed to said property contained and used in the conduct of said machine shop business, and presented and urged as an enhancement of the over-all value of the property taken. These matters are important for “ The end rule in every condemnation proceeding is that an owner is entitled to receive the fair market value of property taken from him based on the most advantageous use to which it can be put ”. (Hazard Lewis Farms v. State of New York, 1 AD 2d 923, 924.)
“Bearing in mind that the court is compelled to reject a determination based on an erroneous principle of law or measure of damage (Matter of Huie, 2 N Y 2d 168, 171), it is concluded that the report is not sufficient to support a determination on the merits.” (Spring Val. Supply Co. v. Haslach, 24 Misc 2d 730, 733, supra.)
In the light of our discussion it becomes apparent that the present report does not permit intelligent judicial review on the merits.
The court is constrained to remit the matter to the Commissioners, with the instant motions undetermined, for reconsideration, including a rehearing and the taking of additional evidence if they deem necessary or advisable, and to make and file an amended report.