■ Joseph G. Brocka et al., Doing Business as G. & W. Auto Service, Respondents-Appellants, v. State of New York, Appellant-Respondent. (Claim No. 45714.) — Reynolds, J. Appeal and cross appeal from a judgment of the Court of Claims awarding the claimants the sum of $18,000, and interest, as damages for the appropriation of a certain parcel of land located in Delaware County for highway purposes. Involved is a parcel of some 37,400 square feet improved with a garage and gasoline filling station and located on the southerly side of Route 17 between East Branch and Peakville, Town of Hancock, Delaware County. Five thousand square feet of the parcel were paved and located thereon were a 25 by 40 foot concrete garage and a 25 by 16 foot open wooden shed. Typically, there exists the usual conflict of expert testimony, the claimants' expert opining damages of $25,000 and the State's expert $7,900, and on appeal each litigant seeks to have us disregard the testimony of the opposition's expert and embrace that of his expert. There is much merit in the contention of both sides as to the validity of the expert testimony. The main comparable relied on by claimants' expert was located 55 miles away inside a village, had been sold 10 years earlier and other than being also a gasoline service station differed in size of buildings, frontage, depth and terrain. On the other hand the testimony of the State's experts is equally, if not more, inadequate and also inconsistent and contradictory. The comparables utilized by the State's expert in capitalizing the rental value are no more truly comparable than the main comparable used by the claimants' expert. In addition, the written appraisal submitted by the State was made on the basis of reproduction cost and was therefore properly rejected as controlling by the court (e. g. *Dunham* v. *State of New York,* 29 A D 2d 596; *Guthmuller* v. *State of New York,* 23 A D 2d 597). Faced with this state of the record, the trial court, nevertheless, made an attempt to evaluate the property. While the main comparable relied upon by the claimants' expert and the court leaves much to be desired, the trial court could accept it as the best basis for evaluating the property and with a proper adjustment for its differences from the instant property, utilize it (see *Kastelic* v. *State of New York,* 29 A D 2d 803). Another trier of the facts might have returned a substantially lower award, but under the circumstances of this case we are not disturbing the trial court's determination as to value. We are doubtful that a new trial would produce any better record and, accordingly, the judgment appealed from must be affirmed. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.