█ ALAN H. WRIGHT, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45974.) — AULISI, J. Appeal from a judgment entered October 9, 1967, upon a decision of the Court of Claims. Claimant was the owner of a 26-acre estate in the Town of Oyster Bay, Nassau County. It was improved by a main house, a smaller and more modern house, a three car garage-apartment structure and several other structures. The State appropriated in fee a 4.35-acre strip of land along claimant's frontage, which included the garage-apartment structure, and 0.964 acre for a permanent easement. Claimant's expert testified that he utilized certain sales to arrive at his land value, but these sales were not in his appraisal report; were not testified to on direct examination, nor in any other way placed in evidence. His conclusion as to

value is mere opinion entitled to a little or no consideration (*Fonda, Johnstown & Gloversville R. R. Co.* v. *State of New York*, 29 A D 2d 240; *Katz* v. *State of New York*, 10 A D 2d 164). Therefore, the court's finding a value of $9,000 per acre which was obviously based on the claimants expert's opinion cannot be sustained (*Fredenburgh* v. *State of New York*, 26 A D 2d 966). The second issue presented is whether the garage-apartment structure was a specialty, the theory advanced by claimant and adopted by the trial court. The first floor of the structure had a garage area for three cars and also a room and bath, the second floor contained four rooms and bath, and the building housed its own heating unit and had electricity, gas and water. A residence is not normally regarded as a specialty (see, e.g., *Evans* v. *State of New York*, 31 A D 2d 565; *Dunham* v. *State of New York*, 29 A D 2d 596; *Bensle* v. *State of New York*, 24 A D 2d 1052) and we have recently concluded that a custom-made house may not be regarded as such (*McKeon* v. *State of New York*, 31 A D 2d 566). While the structure in question is unlike the typical residence, the fact that it is somewhat unusual does not make it a specialty (*Matter of City of New York* [*De Nigris Realty*], 20 A D 2d 42, affd. 14 N Y 2d 935). We conclude that the garage-apartment was not a specialty and thus could not be valued solely on the basis of reproduction cost less depreciation (*Guthmuller* v. *State of New York*, 23 A D 2d 597). Although the State's expert testified to three alleged comparable sales, they were not sufficiently adjusted to the subject. An expert's opinion has little probative value unless an explanation of all necessary adjustments of the comparable sales to the subject has been made (see *Ridgeway Associates* v. *State of New York*, 32 A D 2d 851; *Svoboda* v. *State of New York*, 28 A D 2d 1056; *Fleetwood Maple Corp.* v. *State of New York*, 28 A D 2d 1026). Both parties having contributed to the deficiency in proof, there should, in the interest of justice, be a new trial (*Dunham* v. *State of New York*, *supra*). Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Aulisi, J.