■ COUNTY OF COLUMBIA, Respondent, v. ELSIE G. OSTRANDER et al., Defendants, and HARRY KARPIAK et al., Appellants.— GREENBLOTT, J. Appeal from an order of the County Court, entered December 24, 1968 in Columbia County, which confirmed a report of the Commissioners of Appraisal. Claimants were awarded $43,191 for the taking of 22.6 acres of land and for aviation rights over 26.17 acres in connection with the construction of an airport. Appellants were the owners of 195 acres of land located on the east side of State highway 9-H in the Town of Ghent. The land had been used as a dairy farm from 1952 until 1965, when the construction of a nine-hole golf course was completed. Appellants testified that they intended to build nine additional holes and a housing development on the land. At the outset it should be noted that there was a controversy among the expert witnesses as to the highest and best use of the property. Appellants' experts testified that the highest and best use of the property was for an 18-hole golf course with clubhouse facilities and a contiguous one-family housing development. Respondents' experts, while disagreeing somewhat among themselves, testified that the highest and best use of the land used for the existing golf course was a golf course but the highest and best use of the balance of the property was for agricultural purposes. It is impossible to determine from an examination of the Commissioners' Report as to which opinion was accepted by the Commissioners. In addition to their failure to state how they resolved the factual dispute as to highest and best use, they omitted to set forth their findings as to the before and after value for each area of the property. The report contains a further deficiency. Since the opposing experts could not agree on the highest and best use, there is no range. (Stiriz v. State of New York, 26 A D 2d 964.) In this situation it is necessary for the Commissioners to give a sufficient explanation for the conclusion reached. (Spyros v. State of New York, 25 A D 2d 696.) The Commissioners' report also failed to disclose the method of valuation and other bases for the award. Although Commissioners are " given wide latitude in reaching their determination" (Matter of Huie [Fletcher], 2 N Y 2d 168), and in these cases a liberal standard is used (New York State Elec. & Gas Corp. v. Moratto, 25 A D 2d 913) it is clear that such determination must be supported by adequate and specific findings so as to permit intelligent judicial review (City of Schenectady v. Lauricella, 9 A D 2d 996). In addition, it appears that the Commissioners may have erred in their computation of the consequential damages. They stated: " we have allowed to them the difference between the fair market value of the entire lands of such owners before the taking and the fair market value of what remains after the taking, together with all damages resulting to the remaining lands of such owners by reason of the taking". This would appear to award double compensation for the consequential damages, so that appropriate findings as to the before and after values are essential if we are to determine whether the award was based on an erroneous principle of law. A new appraisal is not necessary and we need remand only to enable the Commissioners to formulate adequate findings explaining the manner in which they arrived at the award of $43,191. (See New York State Elec. & Gas Corp. v. Tompkins, 29 A D 2d 576.) Determination of appeal withheld and proceeding remitted to the Commissioners for further proceedings not inconsistent herewith. Upon the making of additional findings and the filing of the record thereof in this court, the case will be restored to the calendar. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.