## FOURTH DEPARTMENT, MAY, 1970

## (May 14, 1970)

■ In the Matter of the COUNTY OF NIAGARA, Appellant, v. ALTON P. WENDT, Respondent.— Order and judgment unanimously reversed on the law and facts, without costs and proceeding remitted to the Commissioners for action in accordance with the following memorandum: The Commissioners' findings of fact are insufficient for appropriate judicial review. The expert testimony proffered by the respondent was that the condemned land had a highest and best use for crop and dairy farm purposes except for an area of land 1,200 feet by 200 feet fronting on Saunders Settlement Road, which respondent's appraiser stated was best suited for residential lots. The appellant's appraiser stated the condemned land had a highest and best use for crop and dairy farm purposes only. The Commissioners failed to resolve the factual dispute as to the highest and best use and it is impossible to determine whether they accepted either expert opinion (*New York State Elec. & Gas Corp.* v. *Tompkins*, 29 A D 2d 576). An award within the range of the expert testimony will not be rejected (*Matter of Huie* [*Fletcher-City of New York*], 2 N Y 2d 168), but here there is no such range since the opposing experts could not agree on the highest and best use (*Stiriz* v. *State of New York*, 26 A D 2d 964). While we recognize the liberal standard used in these cases (*New York State Elec. & Gas Corp.* v. *Moratto*, 25 A D 2d 913; *Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583; cf. *Matter of Ford* [*Siska—City of New York*] 22 N Y 2d 834), the findings set forth in this report are totally inadequate to permit proper review (*New York State Elec. & Gas Corp.* v. *Tompkins, supra*). We are, therefore, obliged to remit the proceeding to the Commissioners for a supplemental report. (Appeal from order and judgment

of Niagara County Court in condemnation proceeding.)    Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.