CITY OF BUFFALO, Respondent, v. JOSEPH MIGLIORE et al., Appellants.

Fourth Department, June 25, 1970.

*John Nasca* (*Edward P. Rath, Jr.,* of counsel), for appellants.

*Anthony Manguso, Corporation Counsel* (*Clarence S. Wertheimer* of counsel), for respondent.

*Per Curiam.* The city appropriated realty owned by defendants in the City of Buffalo. Upon the trial the respective experts for the parties expressed the usual widely divergent opinions as to values by use of the three recognized methods of valuation — replacement cost, market data, and economic approach.

The trial court considered all of these methods of valuation but appears to have relied primarily on the market data approach. This we conclude was error. The proper method of fixing value would have been capitalization of income. (*Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 161.) The property had been leased to a reputable tenant for many years and was income producing at the time of the appropriation. The use of this method, of course, mandates the finding of fair value of the land.

The testimony of the experts called by both parties as to land value was patently deficient because of their failure to make adjustments between the comparable sales proffered by them and subject property. (Cf. *Geffen Motors* v. *State of New York,* 33 A D 2d 980.) The city's appraiser made no adjustments between the comparable sales and subject property. Claimants' appraiser made no adjustments for comparable land sales and noted only general comments thereon. While adjustments were made for land and building sales they were limited to differences in size with none made for location and time of sales — some of which antedated appropriation by several years.

In the posture in which the appeal comes to us it is difficult, if not impossible, to utilize the proper method — capitalization of income — for fixing value. Claimants' appeal is limited to the amount ($110,000) awarded for improvements. Neither party appeals from so much of the decision as fixed land value at $154,500. The final decree (from which claimants necessarily appeal), however, fixes just compensation at the total sum of $264,500 without breakdown between land and buildings. We conclude, for the reasons heretofore stated, that the proof fails to sustain this award because of the deficiencies in the proof as to land value and the use of an improper method in fixing the building value. In the interest of justice there should be a new trial.

The judgment should be reversed and a new trial granted.

GOLDMAN, P. J., DEL VECCHIO, WITMER, GABRIELLI and BASTOW, JJ., concur.

Judgment unanimously reversed, on the law and facts, without costs and a new trial granted.