DOMINICK R. CIUFFINI et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 52137.) — Judgment unanimously reversed, on the law and facts, and new trial granted, without costs. Memorandum: The condemned property lay in an area zoned M-1, industrial. It consisted of 4,020 square feet of land, approximately square in shape, between Allen Street and property of the Penn-Central Railroad. It contained a two-story brick building with four apartments and a two-story cement block single dwelling. Claimants resided in the latter and rented the former to residential tenants. Claimants' appraiser testified that the highest and best use of the property was for commercial or industrial purposes. The State's appraiser testified that because of its size it was not suited for commercial purposes and that its highest and best use was its present use as residential property. He was so confident of this that he gave no estimate of value of the property for commercial or industrial purposes. The court found, quite reasonably, that the highest and best use of the property was for commercial or industrial purposes, and so it completely disregarded the testimony of the State's appraiser. Claimants' appraiser supported his estimate of the value of this property by testimony concerning so-called comparable property. His comparables, however, were substantially larger and more valuable than the subject property and he failed to make adjustments to relate them to this property. In addition, he supported his esti-

mate of value by the economic approach, i.e., by testimony of the rents received from the apartment building and his estimate of the rental value of the owner-occupied single residence. As to the latter, however, he did not substantiate his estimate of its rental value by comparable rentals and based his estimate solely upon his "ability to know these different things". He also admitted that for the property to be used for its highest and best purpose the buildings would have to be removed. The court based its determination of value upon such testimony by claimants' appraiser. The evidence, lacking adjustments with respect to the comparables and being in part without support of the appraiser's bald opinion of rental value, was insufficient to support a determination of value (*City of Buffalo* v. *Diocese of Buffalo*, 42 A D 2d 817; *Geffen Motors* v. *State of New York*, 33 A D 2d 980; *Verni* v. *State of New York*, 31 A D 2d 727). Moreover, it was improper for the court to rest its determination of value in part upon the residential use of the property when it had decided that the highest and best use of it was for commercial or industrial purposes (*Dann* v. *State of New York*, 40 A D 2d 578; *Liere* v. *State of New York*, 39 A D 2d 980; 4 Nichols, Eminent Domain, §§ 12.312; 12.312 [3]; 12.3122; 12.314). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Goldman, P. J., Witmer, Cardamone, Simons and Henry, JJ.