■ IROQUOIS GAS CORPORATION, Appellant, v ANTHONY KASPRZYK et al., Respondents.—Judgment unanimously reversed, without costs, and matter remitted to Special Term, Supreme Court, Erie County for the appointment of new commissioners of appraisal to whom this matter is remitted for a new determination in accordance with the following memorandum: Iroquois Gas Corporation appeals from a judgment of Special Term which confirmed the report of commissioners of appraisal awarding $8,400 to respondents for an easement on their property and granting an additional allowance to respondents. Although the scope of judicial review of the report of commissioners of appraisal is strictly limited and every intendment is in favor of the action of the commissioners *(Matter of Huie [Fletcher—City of New York],* 2 NY2d 168, 171), the report must be sufficiently explicit to enable the court to be satisfied that improper principles were not employed in reaching the determination of value *(City of Schenectady v Lauricella,* 9 AD2d 996, mot for lv to app den 7 NY2d 711; *Niagara Falls Urban Renewal Agency v Burnside,* 41 AD2d 886; *Matter of County of Niagara v Wendt,* 34 AD2d 877; *County of Columbia v Ostrander,* 33 AD2d 973; *New York State Elec. & Gas Corp. v Tompkins,* 29 AD2d 576; *Board of Supervisors of County of Monroe v Matthews,* 56 Misc 2d 487, 489–490). It is implicit in the foregoing decisions that where it appears from the report that the commissioners have completely adopted the appraisal of one of the experts, that appraisal will be deemed a part of the report for purposes of review. Findings of fact were not made or incorporated in the commissioners' report; but since the determination of value was identical to that of respondents' expert in his appraisal, we assume that the findings and rationale of that appraisal are the basis of the report. In his comparables the expert failed to make adjustments in relation to the subject easement, and hence the appraisal was deficient *(Latham Holding Co. v State of New York,* 16 NY2d 41, 45; *Geffen Motors v State of New York,* 33 AD2d 980; *Verni v State of New York,* 31 AD2d 727). Moreover, the expert employed the lineal foot method of evaluation, which, in particular, requires specific adjustments in order to be of assistance in evaluating the subject property (see *Latham Holding Co. v State of New York, supra; Christiana v State of New York,* 39 AD2d 263, 264–265), and such adjustments were lacking in his appraisal. In addition, respondents' expert assigned a $2 per lineal foot

damage to respondents' remaining property along the easement by reason of the operation by plaintiff of a high pressure gas line in the easement. This was erroneous, because (1) the record shows that the gas line is not a high pressure one but only a medium pressure line and (2) the damage figure of $2 per lineal foot was not supported in any way and was completely speculative. If respondents have suffered any special damage to their remaining lands by reason of the nature of the gas line, they are entitled to be compensated therefor *(County of Erie v Fridenberg,* 221 NY 389, 393; *Easton v State of New York,* 245 App Div 439, 441, affd 271 NY 507), but they must prove such damage in an acceptable manner. The judgment is, therefore, reversed and the report vacated, with direction to Special Term to appoint new commissioners, to whom this matter is remitted for a new determination. (Appeal from judgment of Erie Supreme Court in action pursuant to Condemnation Law, [art 2].) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.