■ AUBURN URBAN RENEWAL AGENCY, Respondent, v SAMUEL SCHWARTZ SONS, INC., Appellant.—Order and judgment affirmed, without costs. Memorandum: Following the appropriation of defendant's parking lot in Auburn, New York, the commissioners of appraisal awarded compensation in the amount of $65,000. Defendant appeals from the confirmation of that award on the grounds that the commissioners' report was insufficient on its face and that the award was based upon an erroneous method of valuation. Pursuant to section 14 of the Condemnation Law, "the only specific duties imposed upon commissioners of condemnation are to hear the proof of the parties, view the premises and make a determination respecting compensation which finds support in the record" *(Niagara Falls Urban Renewal Agency v Burnside,* 41 AD2d 886). Provided their report is clear and leaves no doubt as to what has actually been decided, there is no requirement that it set forth specific findings of fact or conclusions of law *(Niagara Falls Urban Renewal Agency v Burnside, supra; Adirondack Power & Light Corp. v Evans,* 226 App Div 490, 494). An award of this nature is entitled to every favorable intendment in the absence of clear proof that it either was based upon an erroneous principle of law or has no support in the record, *(Matter of Huie [Fletcher—City of New York],* 2 NY2d 168, 171). All concur, except Witmer, J. who dissents and votes to reverse the order and judgment and grant a hearing before new commissioners, in the following memorandum: Although a report by commissioners of appraisal in a condemnation proceeding may be set aside "only for irregularity in the proceedings, or if based on an erroneous principle of law * * * or, if it 'shocks not only one's sense of justice, but one's conscience'" *(Matter of Huie [Fletcher—City of New York],* 2 NY 2d 168, 171; *Niagara Falls Urban Renewal Agency v Harkins,* 40 AD2d 1075), such report should set forth the rule of damages adopted by the commissioners, it should be clear, explicit and certain (see *Tennesee Gas Transmission Co. v Bean,* 283 App Div 684) and should leave no doubt as to what has actually been decided *(Adirondack Power & Light Corp. v Evans,* 226 App Div 490, 494; *Board of Supervisors of County of Monroe v Matthews,* 56 Misc 2d 487, 489). Moreover, "the report should be sufficiently explicit to advise the landowner clearly as to the basis of the award and to permit intelligent judicial review" *(City of Schenectady v Lauricella,* 9 AD2d 996). Where the commissioners have adopted an erroneous theory of valuation the report should be rejected as a matter of law *(Latham Holding Co. v State of New York,* 16 NY2d 41, 44-45; and see *City of New York (Atlantic Improvement Corp.),* 28 NY2d 465, 472); and where it appears to a virtual certainty from the inadequate and improper evidence of value before the commissioners that the report is based upon illegal methods of computation, the report should not be confirmed. In *Iroquois Gas Corp. v Kasprzyk* (52 AD2d 725) we unanimously reversed a

judgment that confirmed a report by commissioners which was based upon improper and deficient evidence. It is clear that the commissioners in this case adopted the appraisal of respondent's expert. That appraisal proceeded upon the erroneous assumption that the condemned property is the nearly landlocked rear portion of property fronting on Genesee Street, whereas in fact it is unrelated to Genesee Street frontage and has independent unfettered access to Exchange Street. Hence it was error for respondent expert to apply the formula adopted from Boeckh's Manual, for this is not a question of comparing the values of two lots which are identical except for their depths. Because of the patent errors in respondent's appraisal adopted by the commissioners and the failure of the report to show the basis of the award to facilitate judicial review, I would reverse and remit the proceeding to Cayuga County Court for the appointment of new commissioners and for a new hearing and determination of value. (Appeal from order and judgment of Cayuga County Court—condemnation.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.