■ In the Matter of County of Sullivan, Appellant, v Philip G. Emden et al., Respondents.—Appeals from (1) an order of the Supreme Court at Special Term, entered July 1, 1976 in Sullivan County which confirmed the report of the Commissioners of Appraisal, and (2) an order of said court, entered September 9, 1976, which denied petitioner's motion to disallow as costs certain expert fees. Defendant Emden owned a house on some 46 acres of land with only approximately 388 feet of road frontage, all along the east side of County Road No. 145, which runs north and south. The house was located on the northernmost portion of the road frontage and some 60 feet from the original county right of way. In order to widen the road, the county has taken in fee a strip approximately 20 feet wide along the entire 388 feet of frontage (comprising .27 acre). A drainage easement was also taken, located a little south of the midpoint of the 388-foot frontage and having a 15-foot width (i.e., north-south dimension) and 60-foot length (i.e., beginning at the edge of the new right of way and extending 60 feet east into the Emden land), amounting to .02 acre. This easement is to drain water from a culvert built under the road. The $483.50 awarded for direct damages is not disputed, but there is great disagreement as to consequential damages. Claimant's appraiser thought the highest and best use was to divide the vacant land south of Emden's house and along the road into two one-acre residential plots. He considered the house to be on a one-acre plot. The wooded, 43-acre tract, landlocked to the rear, would presumably be used for recreation. In any event, it is clear that this rear tract was not damaged by the taking. Before the taking claimant's appraiser valued the house and lot at $65,000, and the two vacant lots at $8,000 each. He found consequential damages of $12,236 to the improved lot, $6,500 to the middle lot (the one subject to the drainage easement), and $3,500 to the southern lot, for a total of $22,236. He added $5,764 more as cost to cure the increased pitch of the two Emden driveways which the highway renovation supposedly would cause. Both these driveways apparently were on the improved lot. Claimant's estimate of the consequential damages totaled some $30,000. The county's appraiser thought the highest and best use was the present one,

i.e., a single-family residence with a large recreational area to the rear. He thought the direct damages for the taking of the fee and easement were $437. He noted that the fee strip was being taken from Emden's front lawn and would include a small maple tree. He also concluded the rebuilt highway would make the two driveways more steep. He considered these to be consequential damages and estimated them to total $2,800. Thus, claimant's estimate of consequential damages is 10 times greater than the county's. The commissioners found consequential damages totaling $19,500, but gave no indication in their report as to what the highest and best use was nor did they in any way explain the method by which they reached their conclusions. Since the report is inadequate to permit judicial review, we remit the case to the commissioners for a supplemental report as to how they arrived at the consequential damage figure of $19,500 (see *County of Columbia v Ostrander*, 33 AD2d 973). Determination of appeal withheld (including the question of costs), and the matter remitted to the Commissioners of Appraisal for further proceedings not inconsistent herewith. Upon the making of additional findings and the filing of the record thereof in this court, the case will be restored to the calendar. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.