■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v 123 FALLS REALTY, INC. et al., Respondents.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to respondent. Memorandum: Plaintiff, Niagara Falls Urban Renewal Agency, appeals from a judgment of the Supreme Court of Niagara County which awarded the sum of $953,975, plus an award of 5%, for damages resulting from the total permanent appropriation of defendant's property located in downtown Niagara Falls. The subject property is T-shaped retail commercial land improved by a four-story masonry structure with basement. There is no dispute that the present commercial use as a department store is the highest and best use of the property and that the capitalization of income is the proper criterion of fixing value *(City of Buffalo v Migliore,* 34 AD2d 334, 355). The evaluation of plaintiff's appraiser was properly rejected by the court because the four comparisons used in his income approach to value were not comparable to the subject property either in location or size. The court accepted the evaluation made by the defendant's appraiser but adjusted it downwards because of an erroneous real property tax computation and inclusion of a small parcel of land, which was not a part of subject property. (We note that the small parcel of land was incorrectly deducted. It was included only for land value under the market data approach and was not included in the area calculations used in the economic approach.) To determine economic rent, the defendant's appraiser used five comparable

leaseholds. These rentals each consisted of substantially smaller areas compared to subject property, the largest being 2,574 square feet. The comparable properties were located, however, in the immediate area of the subject property and were represented to have the same blend of business, tourist and residential market as subject property. They were adjusted for the differences in time, location, size, floor level and use (cf. *City of Buffalo v Migliore, supra,* p 335). While the comparables may leave much to be desired, the trial court "could accept [them] as the best basis for evaluating the property and with a proper adjustment for [their] differences from the instant property, utilize [them]" *(Brocka v State of New York,* 31 AD2d 852; *Sapia v State of New York,* 33 AD2d 821). The differences between the comparables and the differences between them and subject property are the proper subject of adjustment by expert witnesses and the degree of comparability becomes a question of fact *(Latham Holding Co. v State of New York,* 16 NY2d 41, 45-46; *Kastelic v State of New York,* 29 AD2d 803). His "explanation of all necessary adjustments of the comparable [properties] to the subject" property lends probative value to the opinion of this expert witness *(Wright v State of New York,* 33 AD2d 616, 617). The appraiser's evaluation was supported by more than his bald expression of value and he provided the supporting data as to the method by which he arrived at his conclusion *(Ciuffini v State of New York,* 42 AD2d 1036, 1037; *County of Warren v State of New York,* 29 AD2d 717), and the factors which entered into his judgment (cf. *Verni v State of New York,* 31 AD2d 727). In the present case, both evidentiary support and an adequate explanation justify the trial court's findings (see *Ridgeway Assoc. v State of New York,* 32 AD2d 851, 852), and there was evidence at hand to support the value actually found by the court (see *Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428). Appellant's contention that the trial court included a nonexistent portion of the building in determining compensation has merit. Defendant's evaluation, adopted by the trial court, incorrectly computed the area in the structure, and the award should be modified. It is not disputed that the dimensions of the southern part of the building are 66 feet by 132.23 feet and the northern part are 44.71 feet by 133.06 feet and that the building fronts on Falls Street for a distance of 44.71 feet, rather than the 47.71 foot dimension used by defendant's appraiser. This discrepancy resulted from the inclusion within the dimensions of the subject property of the entire width of a common stairway located on the Falls Street side of the building directly between the subject and the adjacent property and which straddled the property line. This extra area was included for each floor including the basement and for the entire length of this dimension of the building. Further a portion of the basement measuring 13 feet by 66 feet extending under the public sidewalk was also included in the calculation. The award should be modified to take into account the incorrect inclusions of this floor space and a value calculated upon the exact square footage derived from the established dimensions of the property. It is evident from the record that the award should have been computed on 14,673.3 square feet of floor area of the basement and each upper floor and that after applying the fair and reasonable rent and capitalization rate as found by the court, defendant's damages total $914,600 (rounded). Where the trial court has failed to make appropriate findings and there is sufficient evidence in the record from which these findings may be made, they may be made by this court without the necessity of a new trial *(Snyder Air Prods. Co. v State of New York,* 33 AD2d 873, 874). We have examined other objections raised by appellant and find them to be without merit. The capitalization rate

utilized by the defendant and adopted by the court was supported by evidence of the expectations of prudent investors, local bank practices and investment rates on commercial properties. Also the record establishes that the trial court's determination of value was not improperly influenced by any claimed prejudice arising from the remarks of the court expressing disapproval of the practice of condemning authorities in retaining the same tenant, collecting the rents without demolishing and using the property for the condemner's purposes. The record establishes that the trial court made a finding of value based upon a preponderance of the credible evidence and the proof submitted to the court. Further, the grant of the 5% additional allowance under subdivision 2 of section 16 of the Condemnation Law was a matter within the discretion of the trial court and it does not appear under the circumstances of this case that the discretion was exercised improvidently (*New York State Urban Dev. Corp. v Goldfeld*, 54 AD2d 1099). (Appeal from judgment of Niagara Supreme Court—condemnation.) Present —Marsh, P. J., Cardamone, Schnepp and Witmer, JJ.