⬛ Poughkeepsie Urban Renewal Agency, Respondent, v Dutchess Glass Co., Inc., Appellant.—In a condemnation proceeding, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County, entered February 6, 1980, as denied its motion to confirm the amended report of the Commissioners of Appraisal, dated October 31, 1979, and granted the cross motion of the plaintiff to reject and set aside said amended report and to appoint new Commissioners of Appraisal. Order affirmed insofar as appealed from, with costs. Without any prior discussion of the methodologies or valuation computations of the respective experts, the amended report of the Commissioners of Appraisal notes that the premises are improved by a commercial industrial building. The report describes the building and its construction and states that "the Commissioners reject depreciation in the significant amount set forth by the appraisers including the property owner's expert appraiser. Therefore, the building value is found to be $60,000.00 rather than $45,750.00 as found in one appraisal. The agency's appraiser made no cost approach". The report then finds a land value of $90,000, adds it to the $60,000 building value and arrives at a total valuation of $150,000. On its face the report thus uses the summation method, a method appropriate to specialty property *(Matter of County of Suffolk [C. J. Van Bourgondien, Inc.],* 47 NY2d 507; *Matter of County of Nassau [Colony Beach Club of Lido],* 43 AD2d 45, affd 39 NY2d 958). The face of the report does not state or demonstrate that the property is a specialty, however. Although the defendant, Dutchess Glass Co., Inc., suggests that separate land and building findings are appropriate and necessary where the split capitalization method is used in the income approach of valuation (building or land residual techniques) there is nothing on the face of the report to indicate that the Commissioners of Appraisal were in fact utilizing or drawing upon such techniques. On the contrary the commissioners refer to defendant's building value and depreciation figures and note that the plaintiff, Poughkeepsie Urban Renewal Agency, failed to make a *cost* approach. Further, other than the above, the amended report does not mention the range of valuations found by the experts, much less discuss the techniques utilized by the experts. Thus it cannot even be determined from the *face* of the report whether the commissioners' valuations fall within the range of the evidence adduced. Upon examining the

hearing transcript and filed exhibits to determine whether the commissioners' report finds support in the record it becomes obvious that the source of the amended report's discussion of building value and depreciation is not defendant's income approach but the following analysis from page 38 of the appraisal of defendant's expert: "VALUATION—COST APPROACH The replacement cost is derived from the Marshall Valuation Service—Section 13, Page 11 and Section 14, Page 11, modified for time and location. Costs include labor and materials, architect, engineering fees, necessary plans and permits. Considered depreciation includes observed physical deterioration, functional and economic obsolescence. The following is a summary of the Cost Approach to value:

"Building 'A' - 1,374 sq. ft.
    at $22.49 . . . . . . . . . . .  $30,901
"Depreciation 90% . . . . . . . . . . . . . . . . .  27,811

"Depreciated Value . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ 3,090
"Building 'B' - 7,900 sq. ft.
    at $13.50 . . . . . . . . . . .  $106,650
"Depreciation 60% . . . . . . . . . . . . . . . .  63,990

"Depreciated Value . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  42,660
"Total Depreciated Building Value . . . . . . . . . . . . . . . .  $ 45,750
"Land . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  150,000
"Value Estimate - Cost Approach . . . . . . . . . . . . . . . . .  $195,750".

On page 39 of that appraisal, however, defendant's expert stated: "COMMENT AND CONCLUSION The three approaches fall in a very close range with the Cost Approach establishing an upper limit of value. Since the building is *not a specialty,* the Appraiser does not rely on this approach but employs it only as a check upon the conclusion found. Since no really true comparable sales were found and those that were are a little remote in time, the reliability of this approach is weakened although it does offer strong support in view of the objective adjustments applied. The *Income Approach* offers the best evidence of value." (Emphasis supplied.) Using a split capitalization technique, defendant's expert concluded:

"APPRAISED FAIR MARKET VALUE

| | |
|---|---|
| "Land | $150,000 |
| "Improvement | 38,000 |
| "Total | $188,000". |

We note that the commissioners found $22,000 *more* value to the improvements than did the defendant owner. The appraisal of plaintiff's expert reported that: "The appraiser has available three approaches to value which are those typically used. There are the Cost, Market, and Income Approaches. The Income Approach and Market Approach have both been utilized in the valuation of this property. The Cost Approach has not been utilized. * * * The Improvement on this property is definitely not new nor nearly new at the date of valuation. The improvement in no way can be construed to be unique or of a specialized nature. There are sufficient market sales and market rentals to be processed in the Market and Income Approaches to Value. The valuation through these approaches gives reliable

indications—from which a final value estimate can be made. The property is a single economic entity, and as such, is best evaluated by taking into account the forecast net income stream, and translating this into an indication of value. Additionally, the analysis of the entire property by the Direct Sales Comparison or Market Approach is also undertaken. * * * The availability of reliable market sales and market rentals, when processed through the Income and Market Approaches, indicates a value range between $98,000 and $103,000. It is my opinion that both of these approaches are strong indicators of value for the subject property. It is my opinion that the analysis of the available data indicates a value of the subject, as of April 16, 1975, of $100,000." Plaintiff's appraiser did not allocate separate land and building values. In conclusion, we find that the amended report is insufficient on its face. Examination of the trial transcript and filed exhibits merely compounds the uncertainty generated by the report and confirms that the commissioners followed an erroneous theory of valuation (cf. *Auburn Urban Renewal Agency v Schwartz Sons,* 53 AD2d 1051, affd 41 NY2d 1026; see *Iroquois Gas Corp. v Kasprzyk,* 52 AD2d 725). Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.