■ In the Matter of BROOKLYN UNION GAS COMPANY, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and CITY OF NEW YORK, Intervenor-Appellant.— Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 19, 1984 in Albany County, which, in a proceeding pursuant to Real Property Tax Law article 7, denied a motion by the intervenor for an extension of time in which to file its appraisal report.

Petitioner sells natural gas to customers in the City of New York, the intervenor herein. Each year, respondent has assessed petitioner's gas mains and related equipment as special franchise property. For the tax year 1983-1984, as in years past, petitioner contested respondent's assessment and, after exhausting its administrative remedies without satisfaction, commenced this proceeding on August 3, 1983 pursuant to Real Property Tax Law article 7.

The city sought leave to intervene. Resolution of legal disputes associated with the city's omitting to file its proposed responsive pleading with its motion papers delayed the granting of intervenor status until May 25, 1984. On June 15, 1984, petitioner and respondent exchanged their appraisals. Some two weeks later, the city, in its capacity as intervenor, applied for and received an extension of time to file its appraisal report until November 15, 1984. Six days before that deadline, the city moved, on papers returnable November 30, 1984, for a further extension. Special Term denied that motion and, based on the city's failure to timely file its appraisal report (the report was actually filed November 26, 1984) and pursuant to petitioner's request, Special Term precluded the city from introducing any appraisal testimony on value at the trial.

It is the city's burden on this appeal to demonstrate that Special Term's determination that the city had not shown "good cause" meriting an extension *(see,* 22 NYCRR 839.2 [e]) was an abuse of discretion *(see, Matter of City of Amsterdam v Board of Assessors,* 111 AD2d 1017). The city maintains that the uniqueness of the special franchise property involved, the enormity of the data to be collected and analyzed, the inordinate value of the property, and the expensive nature of the appraisals constituted cause for the extension. In response, petitioner brought to Special Term's attention that in assessment proceedings relating to the same property for eight

years preceding 1983, the city has filed appraisals, although never in a timely fashion; that on this occasion the city's appraisers first contacted petitioner, the holder of the bulk of the necessary information, only three weeks before the appraisal was due; and that the appraisers had just then been engaged and were acting even before formal city approval of their employment. Petitioner also points out, and it is not without significance, that respondent, whose interests are said to be strongly allied with those of the city, has filed an appraisal and that the preclusion order does not prohibit the city from relying on respondent's appraisal report and experts during the trial.

It also appears that in 1981, Special Term had issued a decision involving the same parties, dealing with the city's delay in submitting appraisals in one of the earlier tax certiorari proceedings. There, as here, the city did not challenge the charge that it engaged in dilatory tactics and the court rebuked the city for its "pattern of behavior intent on delay". In the case at bar, there is no doubt that the city was fully aware of 22 NYCRR 839.2, which requires the filing of appraisals within six months of the filing of a Real Property Tax Law article 7 petition. Nevertheless, with a judicially obtained extension of that period until November 15, 1984, some 15 months after the petition was filed, the city was still unprepared to file an appraisal. Given the circumstances noted, we find no abuse of discretion on Special Term's part.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.