■ DANA L. DEEB et al., Respondents-Appellants, v RALPH DRAKE, Appellant-Respondent.—Casey, J. Cross appeals from an amended judgment of the Supreme Court (Hughes, J.), entered January 23, 1991 in Albany County, upon a decision of the court in favor of plaintiffs.

A nonjury trial limited to the issue of damages was held after plaintiffs were granted partial summary judgment on the issue of defendant's liability in this breach of contract action arising out of defendant's failure to complete the purchase of real property owned by plaintiffs. Using the difference between the contract price of $215,000 and the fair

market value of the property as of the breach of contract in January 1989, Supreme Court determined plaintiffs' damages to be $50,000. In so doing, the court found the highest and best use of the property to be residential, with potential for residential subdivision, and concluded that the fair market value of the property in January 1989 was $165,000. Defendant appeals from the amended judgment entered on Supreme Court's decision, and plaintiffs filed a notice of cross appeal, which has been abandoned as a result of plaintiffs' failure to present any arguments in support of the cross appeal.

We reject defendant's contention that Supreme Court's decision was inadequate. In view of the limited and relatively simple issue to be resolved on the basis of the testimony of four witnesses, Supreme Court's decision, which sets forth those facts upon which the rights and liabilities of the parties depend (see, Matter of Van Dyck v Van Dyck, 96 AD2d 629, 630), is sufficiently particular to permit intelligent judicial review (see, Matter of Ives v Ives, 105 AD2d 527, lv denied 64 NY2d 610). Nor do we see any merit in defendant's claim that he was deprived of the opportunity to submit requests for findings of fact pursuant to CPLR 4213 (a). After defendant rested and the parties waived closing statements, Supreme Court rendered an oral decision from the bench. We are of the view that in the circumstances of this case, defendant's failure to express his wish to submit requested findings or to object at a time when the court could have corrected the alleged error resulted in a waiver of his CPLR 4213 (a) rights.

Next, we see no error in Supreme Court's refusal to permit defendant, a residential subdivision developer, to testify as to the cost to develop the land into a 24-lot subdivision and the potential selling price of these lots. Defendant agreed to purchase the property as a single lot; there is no evidence that the land had been subdivided or that an application for subdivision was pending. Defendant was permitted to give his opinion as to the value of the property as a whole based upon its potential use for residential development, which was relevant to the fair market value issue, but we agree with Supreme Court that the excluded testimony was irrelevant. The net profit a developer might obtain in the future after subdividing the property into a number of residential lots is not relevant to the fair market value in January 1989 when defendant breached his agreement to purchase the land as a single lot (see, Bailey v Morgan, 95 AD2d 883, affd 62 NY2d 844).

Defendant's final contention is that Supreme Court was

required to accept defendant's valuation of the property because he was the only witness to testify to its value as a residential subdivision. All of the experts, however, were in agreement that the property should be valued on the basis of its use for residential purposes, and we are of the view that there was a sufficient range of testimony to support Supreme Court's finding that the value of the property for residential purposes, with an increment for potential subdivision, was $165,000 *(cf., Bailey v Morgan, supra)*. Defendant's appraiser testified that the property had a value of $185,000 without an increment for subdivision potential. Contrasting this value to the $215,000 value testified to by defendant, which included the potential for subdivision, supports a $30,000 increment for potential subdivision. The testimony of plaintiffs' appraiser that the value of the land was $135,000 without an increment for potential subdivision, together with the evidence of a $30,000 increment for potential subdivision, provides ample support for Supreme Court's finding.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the amended judgment is affirmed, without costs.