■ In the Matter of the Acquisition of Real Property by the COUNTY OF DUTCHESS, Appellant. 285 MILL STREET, INC., et al., Respondents.—Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Palella, J.), entered November 30, 1990 in Dutchess County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Following a trial in this condemnation proceeding, at which the only issue was the fair market value of the commercial rental property appropriated by petitioner, Supreme Court granted claimants' motion to strike the appraisal report of petitioner's expert and concluded that the value of the appropriated property was that testified to by claimants' expert. Petitioner appeals from the resulting judgment.

According to petitioner, Supreme Court failed to "make its factual findings and underlying mathematical calculations as explicit as possible" *(Lord v State of New York,* 48 NY2d 711, 713). The issue tried by the court was a limited and relatively simple one, with only three witnesses testifying at trial *(see, Deeb v Drake,* 184 AD2d 947). The court's determination to strike the appraisal report of petitioner's expert was thoroughly and adequately explained. Once the court rejected petitioner's appraisal, there was no range of testimony and, therefore, the court had to either accept the opinion of claimants' expert as to the value of the property or explain any departure *(see, Waxman v State of New York,* 57 AD2d 244, 247; *see also, Matter of City of New York [Reiss],* 55 NY2d 885, 886). Supreme Court accepted the only remaining expert testimony on the issue of valuation and, thus, no further explanation was required. We find the court's decision sufficient to permit intelligent judicial review *(see, Deeb v Drake, supra).*

Petitioner's remaining arguments are directed at the two determinations upon which Supreme Court's ultimate conclusion as to the value of the appropriated property is based: the rejection of the appraisal of petitioner's expert and the acceptance of the appraisal of claimants' expert. We find no error in either determination. Supreme Court rejected petitioner's

appraisal because the expert who prepared it failed to include dollar or percentage adjustments to the comparable sales and rentals used in the appraisal. "[A]n appraiser is expected to set forth his explanations and adjustments" *(Matter of Burke Apts. v Swan,* 137 AD2d 321, 325), including the necessary facts, figures and calculations to account for the adjustments *(see, Matter of Northville Indus. Corp. v Board of Assessors,* 143 AD2d 135, 137). A lump-sum adjustment is improper *(Houle Co. v State of New York,* 73 AD2d 794, 795). The failure of petitioner's expert to specify and quantify the various adjustments made in his appraisal vitiated its probative value *(see, Matter of Johnson v Town of Haverstraw,* 133 AD2d 86, 86-87).

Petitioner contends that adjustments made by claimants' expert, which amounted to a minus 60% for several comparable rentals, were improper or too massive to be of probative value. Claimants' appraiser explained that although large adjustments were not desirable, they were necessary because no other, more comparable rentals were available. The differences between the comparables and the subject property are the proper subject of adjustment by expert witnesses, creating a question of fact as to the degree of comparability *(Latham Holding Co. v State of New York,* 16 NY2d 41, 45-46). A review of the testimony and report of claimants' expert reveals an adequate basis for Supreme Court's acceptance of the expert's opinion, including his adjustments *(see, Niagara Falls Urban Renewal Agency v 123 Falls Realty,* 66 AD2d 1009, 1010, *appeal dismissed* 46 NY2d 997, *lv denied* 47 NY2d 711).

Petitioner contends that claimants' appraiser erred in failing to reduce the value of the appropriated property by the value of the leasehold interest owned by petitioner as lessee of the building prior to the appropriation. The contention is meritless. Petitioner's lease provided that it would terminate if the whole or any part of the premises were acquired or condemned by eminent domain. Accordingly, when petitioner acquired the property by eminent domain, it no longer had any interest as lessee and it appropriated the entire fee. Claimants' appraiser, therefore, correctly valued the property as a whole without any diminution for petitioner's leasehold interest.

We have considered petitioner's remaining objections to Supreme Court's acceptance of claimants' appraisal and find them to be without merit. Also without merit is petitioner's claim that Supreme Court erred in failing to allocate its award between the land and the buildings located thereon

*(see, City of Schenectady v Lauricella,* 9 AD2d 996, *lv denied* 7 NY2d 711). The judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.