■ In the Matter of the Acquisition of Real Property by the CITY OF ALBANY et al., Appellants. BROWN EQUIPMENT COMPANY, Respondent. [605 NYS2d 469] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Harris, J.), entered June 22, 1992 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant as a result of petitioners' acquisition of real property.

Claimant, Brown Equipment Company, owned two interconnected brick buildings at 33-35 Green Street and 59 Hudson Avenue in the City of Albany. Claimant had used the buildings for the sale, display and storage of institutional kitchen equipment since the 1930s. Petitioners, intending to erect a parking garage on the property, commenced eminent domain

proceedings against claimant on October 3, 1986. An order of acquisition was served on claimant under EDPL 502 (B). Claimant served its claim on or about March 31, 1987 upon petitioner City of Albany to, *inter alia,* recover the value of the property taken. Claimant timely filed a copy of its appraisal report on the property with Supreme Court pursuant to 22 NYCRR 202.61 (a) (1). However, petitioners failed to file their appraisal report within nine months of the claim and were in default.

Petitioners moved for an extension of time to file their late appraisal report. Claimant opposed the motion and cross-moved pursuant to 22 NYCRR 202.61 (e) for an order precluding petitioners from presenting any evidence on value at the trial. Supreme Court denied the relief requested by petitioners and granted claimant's cross motion. Following a nonjury trial, Supreme Court ruled, *inter alia,* that claimant be awarded $246,000 plus interest minus the $120,000 advance payment for its first claim (the taking of its buildings by petitioners).

The judgment of Supreme Court should be affirmed.

Petitioners' contention, that the denial of its motion to file a late appraisal report and the granting of claimant's cross motion to preclude petitioners from offering any evidence of value at trial was an abuse of discretion, is without merit. However, initially we reject claimant's argument that an appeal from Supreme Court's order denying petitioners' motion to file late does not lie because it was from a nonfinal order that did not affect the final judgment on this appeal *(see,* CPLR 5501 [a] [1]). Contrary to claimant's assertion, the admission into evidence of petitioners' appraisal report and the testimony of their expert on value would reasonably affect value and, thus, "necessarily affects" the final judgment *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:4, at 24-25; *see also, Matter of Aho,* 39 NY2d 241, 248).

Turning to the merits of the motion, relief from a default for late filing of an appraisal or to extend the time to file a report depends on a showing of good cause (22 NYCRR 202.61 [a] [3]; *see, Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 118 AD2d 931, *lv dismissed* 68 NY2d 883). Petitioners failed to establish good cause. Petitioners' only excuse for attempting to file 18 months past the expired nine-month filing deadline is the conclusory assertion that due to a personnel change the appraisal report was

"inadvertently lost, misplaced or misfiled"; this does not constitute good cause *(see, Salesian Socy. v Village of Ellenville,* 98 AD2d 927, 928).

Petitioners argue that because claimant would not have been prejudiced by the late reception of their appraisal report, while petitioners would be greatly harmed by the preclusion of their evidence on value, it was an abuse of discretion for Supreme Court not to grant their motion to file late. This argument is not persuasive *(see, Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment, supra; Matter of City of Amsterdam v Board of Assessors,* 111 AD2d 1017; *but see, Gustafson v State of New York,* 56 AD2d 695, 696).

Petitioners' assertion that the award of $240,000 was excessive and against the weight of the evidence, because claimant's expert employed an incorrect appraisal methodology and the highest and best use for claimant's property was its existing use and not conversion into office space, is rejected. Claimant's appraisal report was based upon a market data approach. The measure of just compensation for one whose property has been taken in condemnation "generally is market value at the time of appropriation, that is, the price a willing buyer would have paid a willing seller for the property" *(Matter of Town of Islip [Mascioli],* 49 NY2d 354, 360). The appraisal "should be based on the highest and best use of the property even though the owner may not have been utilizing the property to its fullest potential when it was taken" *(supra,* at 360; *see, Matter of Town of Esopus,* 162 AD2d 829, 830, *lv denied* 77 NY2d 801). Claimant's appraiser testified that in view of the large-scale redevelopment ongoing in the area, it would be inappropriate to value the property on its current use. He testified that both the income and cost method were inappropriate. He specified and quantified the various adjustments made in his appraisal report, thereby furnishing a sufficient basis for Supreme Court's decision *(see, Matter of County of Dutchess [285 Mill St.],* 186 AD2d 891; *see also, Niagara Falls Urban Renewal Agency v 123 Falls Realty,* 66 AD2d 1009, 1010, *appeal dismissed* 46 NY2d 997, *lv denied* 47 NY2d 711). The sales data approach employed by claimant's appraiser is reasonable in view of the growth and changes brought about by the redevelopment in the area *(see, Matter of County of Dutchess [285 Mill St.], supra).*

Recognizing that in a nonjury trial the evaluation of the credibility of witnesses and quality of the proof can best be made by the trial court having direct access to the parties *(see,*

*Monette v Monette,* 177 AD2d 802, 802-803), we defer to Supreme Court's valuation of the property in dispute.

Yesawich Jr., Mercure, Crew III and Cardona, JJ., concur. Ordered that the judgment is affirmed, with costs.