ROCHESTER SMELTING AND REFINING CO., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 50921.) — Judgment unanimously modified on the law and facts in accordance with memorandum, and as so modified, affirmed, with costs to claimant. Memorandum: The claimant has appealed from an award of $88,242, contending that it is inadequate. The premises taken consist of two parcels of land improved by a six-story masonry building in the City of Rochester. There was a total taking of claimant's property for highway purposes. In fixing its award the trial court incorrectly relied exclusively upon reproduction costs of the building less depreciation ($60,000) and added to it the value of the land ($28,242). There is no indication in the record that the trial court considered either capitalization of income or market data. This was error. Unless a building is either a specialty or unique, an award cannot be based solely on the reproduction cost approach (*Matter of City of Rochester* [*Morris*], 32 A D 2d 882). A specialty has been defined as a building designed for unique purposes or a building which produces income only in connection with the business conducted in it (*Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 15 A D 2d 153, 171, affd. 12 N Y 2d 1086). Reproduction cost analysis is proper only where rebuilding is the sole method by which an owner can acquire similar premises (*Matter of City of New York* [*First Elephant Estates — La Hermosa Church*], 17 A D 2d 317). The claimant's building was being used as an ordinary warehouse for storage purposes prior to the taking and does not qualify as a specialty. In our view the award of $88,242 as damages for this entire taking was inadequate. We are not required, however, to remit for a new trial since there is sufficient evidence found in the record upon which we may make new findings as to damages (*Slepian* v. *State of New York*, 35 A D 2d 462, 464). The most satisfactory evidence in the record upon which a proper award may be determined is found in the income approach. We find the fair rental value of the building (considering comparable leases to ascertain economic rent) was $.75 per square foot for 29,562 square feet or $22,000, from which we deduct 6% for vacancy ($1,320) resulting in gross annual income of $20,680. After further deducting expenses (taxes, insurance, management and repairs) totaling $4,600, the net annual income amounted to $16,080. The trial court valued the land at $3.50 per square foot or $28,242 which was within the range of the testimony and properly determined. Applying the State appraiser's 8½% rate for capitalization of the land to the $28,242, resulted in $2,400 income attributable to land, which deducted from the net annual income ($16,080) left a remainder of $13,680. Employing the State appraiser's 15.2% rate of capitalization for the improvement, we find a value for the building of $90,000 ($13,680 divided by 15.2%) to which the value of the land ($28,242) is added, producing a total value by the income approach of $118,242. This is a proper method of determining value where there is ample support for it in the record (*City of Buffalo* v. *Joseph Davis, Inc.*, 32 A D 2d 604). We conclude that an award of $118,242 is warranted on this record and that the judgment should be modified accordingly. (Appeal from judgment of Court of

Claims, in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.