■ WILBUR MARA et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50994.) — Judgment unanimously reversed on the law, without costs, and new trial granted. Memorandum: In this eminent domain action, the court refused to permit the State's appraiser to make adjustments to four sales set forth in a list of comparable sales served pursuant to section 16 of the Court of Claims Act but not included in the State's appraisal. The court held that it could not accept the testimony because of rule 25a of the Court of Claims (22 NYCRR 1200.27 [e] [1]), which provides in part: "Upon the trial of a claim for the appropriation of property the parties shall be precluded from offering any proof on matters not contained in the appraisal reports or amended or supplemental appraisal reports as required by this rule". Rule 25a must be read together with section 16 of the Court of Claims Act which provides that evidence of a comparable sale is admissible if notice of the sale is served pursuant to that section. Section 16 of the Court of Claims Act has neither been repealed nor abrogated by rule 25a of the Court of Claims. (*Innamorato* v. *State of New York,* 65 Misc 2d 440; *Azzolini* v. *State of New York,* 63 Misc 2d 631.) The State complied with the provisions of section 16 and, therefore, evidence of the sales was admissible to support the original appraisal even though not included therein. (*Leider* v. *State of New York,* 36 A D 2d 788; *Thomas* v. *State of New York,* 37 A D 2d 1030.) (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation and temporary easement.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. HELEN L. KOLMER, Respondent.— Petition unanimously granted in accordance with the memorandum, without costs, and order of enforcement entered. Memorandum: Paragraph (f) of the Commissioner's order should be modified by limiting its duration to a two-year period. The petition should be granted and an order entered for enforcement of the Commissioner's order as so modified. (*State Division of Human Rights* v. *Stern,* 37 A D 2d 441; *Division of Human Rights* v. *Janica,* 37 A D 2d 444.) (Application pursuant to Executive Law, § 290 to direct compliance with order.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.