■ DEPARTMENT OF PUBLIC WORKS OF THE CITY OF HORNELL, Respondent, v. TOWN OF HORNELLSVILLE et al., Defendants, and WILLIAM G. HOLLANDS et al., Appellants.— Order unanimously affirmed, without costs. Memorandum: County Court confirmed the award of the Commissioners of Appraisal with respect to damages for the taking of an aviation easement over defendants' parcel 15. The Commissioners' same report and supplemental report, however, contained another award for consequential damages for property owned by defendants adjacent to and northerly of parcel 15 which was not condemned. The basis of the award was that the contemplated use by the city of parcel 15 and adjacent parcels southerly thereof which were the subject of the condemnation proceeding " has cast a cloud of unmarketability of title upon " defendants' remaining property, and therefore the Commissioners awarded defendants the sum of $37,260 as damages for such *de facto* taking. No cause of action for such alleged taking exists in New York (*City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241). If defendants' fears are realized in the future by the use of the airport in such manner as to violate defendants' rights on and over their property north of parcel 15, such use might constitute a taking and constitute inverse condemnation for which defendants might then seek compensation. On the case presented to the Commissioners, however, such facts do not exist; and the Commissioners erred as a matter of law in making an award for such alleged damages. The established law is that upon a motion to confirm an award by Commissioners of Appraisal in a condemnation proceeding the court must either approve or disapprove the award and may not modify it (*Matter of Huie*, 2 N Y 2d 168, 171). The Commissioners of Appraisal in this case, however, made two separate awards in their report, one with respect to defendants' parcel 15, an easement over which was condemned in the proceeding, and the other with respect to defendants' lands lying northerly of parcel 15, which petitioner did not seek to condemn but as to which defendants claim consequential damages. Although defendants' claims with respect to these properties arise from petitioner's expansion of its airport and the claims are related, they

actually are completely separable. Any award with respect to the northerly property would be erroneous as a matter of law. No question of judgment upon the facts or the exercise of discretion by the Commissioners exists with respect to it; and it would be idle for the court to remit the report to the Commissioners to perform the mechanical act of excising it. We hold, therefore, that County Court properly disapproved of the award for damages to defendants' property lying northerly of parcel 15 (see *Adirondack Power & Light Corp.* v. *Evans*, 226 Ap. Div. 490, 495). (Appeal from order of Steuben County Court in condemnation action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.