■ YONKERS URBAN RENEWAL AGENCY, Appellant, v 44 PROSPECT STREET, INC., Respondent.—On the court's own motion, its decision and order, both dated September 22, 1975 (49 AD2d 752), are withdrawn and vacated and the following substituted decision is rendered: In a condemnation proceeding, the condemnor appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, dated October 25, 1974, which, *inter alia,* granted the claimant's motion to confirm a report of commissioners of appraisal. Order and judgment modified, on the law and the facts, by striking therefrom the first, second, third, sixth and seventh decretal paragraphs and by substituting therefor a provision setting aside the report of the commissioners. As so modified, order and judgment affirmed, without costs, and proceeding remitted to Special Term for the appointment of new commissioners and for a rehearing before them to appraise the property *de novo* (see Condemnation Law, §§ 15, 21). This is a proceeding to condemn, for purposes of razing and urban renewal, a garage and two attached three-story loft buildings (all of which were income producing) in a blighted area in Yonkers. Commissioners of appraisal were appointed and held hearings at which experts for both sides testified, using, *inter alia,* the economic or capitalization of net income approach in determining the value of the property. The claimant's expert appraised the property at $129,000, and the condemnor's expert appraised it at $76,000. The commissioners filed a report dated August 1, 1974 in which they found that the income approach was the best index of value since the damage parcel was income-producing property. They applied this method by deducting operating expenses and vacancy allowance from the gross annual income and derived an estimated net annual income of $11,500. They found 10.5% to be a fair rate of capitalization, which they used to "capitalize" the net income to produce a "capitalized" value of $104,430. This is arithmetically incorrect, since capitalizing $11,500 at the rate of 10.5% gives a value of $109,523 (11,500/.105 = 109,523.80). This court cannot modify the award of the commissioners but, like Special Term, must either confirm or reject it (cf. *Matter of Huie [Fletcher—City of New York],* 2 NY2d 168, 171). Moreover, the appraisals suffer the following additional defects: (1) the claimant's expert included all of the basement as rentable, whereas part of it is occupied by a boiler room of unknown size which produces no income; (2) the condemnor's expert excluded all of the basement even though part of it consisted of a storage area which the claimant's

expert testified had a rental value of $50 a square foot; (3) the second floor was vacant at the time of the taking, thus underscoring the failure of claimant's expert to deduct a vacancy allowance in estimating net annual income; (4) one expert included real estate taxes as an expense and the other did not; and (5) neither expert gave any reason for using the capitalization rate he did. We have no alternative but to set aside the report. The rehearing should be had before new commissioners of appraisal. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.