■ Leo Kurnick, Respondent, v State of New York, Appellant. (Claim No. 54027.)—Judgment unanimously affirmed, with costs. Memorandum: The State appeals from a judgment of the Court of Claims which awarded claimant $25,800 for damages resulting from the total permanent appropriation of claimant's property in the City of Buffalo, New York, for highway purposes. The subject premises on the date of the appropriation on August 27, 1969 was improved with a combination two and one story masonry commercial building covering the entire lot. Claimant's appraiser used an income approach, employing a 9% rate for land and a 14% rate for improvements, and arrived at a valuation of $35,500. The State's appraiser in his income approach used an over all capitalization rate of 13.343% in arriving at a valuation of $17,300. The State's contention that it was improper for the trial court, without explanation, to use a 6% interest rate to obtain land value and an 11% capitalization rate to obtain improvement value, whereas claimant's appraiser utilized a rate of 9% and 14% respectively, and the State's appraiser utilized a cash flow technique involving an over all capitalization rate of 13.343% from which percentage figure a pure interest rate cannot be rationally extrapolated, is without merit. In the valuation of property by use of the capitalization of income approach, there is no fixed rule as to the rate of capitalization *(Matter of City of New York [Seventh Ave.],* 196 App Div 451, affd 240 NY 680), although it has been held that the basis of the rate used in a specific case must be established by factual data supporting such rate *(Matter of City of N.Y. [First Elephant Estate—La Hermosa Church],* 17 AD2d 317; *Matter of City of New York [Bellevue Hosp.],* 132 Misc 774; see, also, *United States v Tampa Bay Garden Apts,* 294 F2d 598; 5 Nichols, Eminent Domain [3d ed], § 19.23). As a general rule, "The rate of capitalization * * * should be * * * a reflection of the market rate, that is, what the investment market requires in return from a property of the age, kind, condition and location as the subject property. As such, it is a matter for proof and argument" *(Matter of City of N.Y. [First Elephant Estate—La Hermosa Church], supra,* p 324). Thus the capitaliza-

tion rate has been held to be a fact question for the trial court on which the expert opinion of appraisers is competent evidence *(Diocese of Buffalo v State of New York,* 18 NY2d 41, 47). While the court is bound by the testimony in the record, nevertheless, "This does not mean * * * that an award may never be higher or lower than the experts' estimates of value; it is only requisite that there be evidence at hand to support the value actually found by the court" *(Matter of City of N. Y. [A. & W. Realty Corp.],* 1 NY2d 428, 433). An analysis of the evidence here adduced clearly supports the trial court's determination of a capitalization rate of 11%. Both appraisers agreed that the useful life of the subject property was 20 years which would yield a 5% return on capital. In addition, claimant's appraiser's determination of a 9% rate of return attributable to land value consisted of four component factors characterized as a safe rate at 6%, nonliquidity at 1%, risk rate at 1.5%, and management at .5%. Implicit in the trial court's utilization of an 11% capitalization rate was its acceptance of claimant's appraiser's 6% safe rate, with concomitant rejection of all upward adjustment thereto for nonliquidity, risk and· management. Nor is there merit to the State's contention of error on the part of the trial court in failing to give consideration to the State's appraiser's use of the subject property as a comparable on a whole-to-whole basis in his market approach to value. The subject property being commercial income-producing property, the most appropriate method of valuation is the income approach *(City of Buffalo v Joseph Davis, Inc.,* 32 AD2d 604, affd 26 NY2d 869; *City of Niagara Falls v Zak,* 40 AD2d 755; *Rochester Smelting & Refining Co., v State of New York,* 38 AD2d 674; *City of Buffalo v Migliore,* 34 AD2d 334). (Appeal from judgment of the Court of Claims—Appropriation.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.