■ AMSTERDAM URBAN RENEWAL AGENCY, Respondent, v RAYMOND H. JOHNSON, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered June 30, 1976 in Montgomery County, which confirmed a report of Commissioners of Appraisal. In October, 1972 the Amsterdam Urban Renewal Agency (agency) initiated condemnation proceedings to condemn a right of way 12 feet wide and 180 feet long which was owned by appellant and linked appellant's funeral parlor with Pearl Street in the City of Amsterdam. Prior to the filing of the condemnation petition the agency had prepared and filed in its office a map showing a reservation of a new easement or right of way linking appellant's place of business with another street. The Common Council of the City of Amsterdam approved the reservation of the new easement and on November 14, 1972 the original easement was condemned without the payment by the agency of any direct damages. On September 27, 1973, 10 months later, a deed from the agency to appellant conveying the substitute easement was recorded in the Montgomery County Clerk's office. Thereafter, Special Term confirmed the report of the Commissioners of Appraisal, noting that it was within the "province" of the commissioners to hold that the substitute easement was equal to or greater in value than the condemned easement and that no compensation was required. We know of no authority, statutory or decisional, that empowers a condemnor to substitute one easement for another without the consent of the condemnee as evidenced in a binding and valid agreement (Queensboro Farm Prods. v State of New York, 6 Misc 2d 445, 448, affd 5 AD2d 967, affd 5 NY2d 977). The amount of damages to which a condemnee is entitled as the result of an appropriation is to be measured and fixed at the time of the taking (see, e.g., Kahlen v State of New York, 223 NY 383, 390; Jackson v State of New York, 213 NY 34, 36; Minesta Realty Co. v State of New York, 26 AD2d 592). There is nothing in this record that indicates it was the agency's intention to take appellant's property subject to the easement. In fact, it is clear that the condemnor's intention was to the contrary. The agency appropriated the easement and, at the time of the taking, did not compensate appellant, nor did appellant agree to accept a substitute easement. Since neither Special Term nor this court can modify the commissioners' report and make its own determination of value (Yonkers Urban Renewal Agency v 44 Prospect St., 49 AD2d 894; Department of Public Works of City of Hornell v Town of Hornellsville, 41 AD2d 685, mot for lv to app den 32 NY2d 611) the order of Special Term must be reversed and the matter remitted for resubmission of the question of the value of the condemned right of way to either the same or a new panel of commissioners (Condemnation Law, § 15). Order reversed, on the law, with costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.