■ YONKERS COMMUNITY DEVELOPMENT AGENCY Appellant, v FRED STRAUS, Respondent, et al., Defendants.—In a condemnation proceeding, plaintiff appeals from an order of the Supreme Court, Westchester County, dated December 27, 1977 (entered upon a decision of the same court, pursuant to CPLR 9002), which denied its motion to confirm a condemnation award and granted the cross motion of defendant Fred Straus to reject the award, to the extent of remanding the matter to the appointed Commissioners of Appraisal with certain directives. Order modified, on the law, by deleting the second and third decretal paragraphs thereof. As modified, order affirmed, without costs or disbursements, and proceeding remanded to Special Term for a *de novo* hearing and determination (see Eminent Domain Procedure Law [EDPL] 501, subd [B]). It was proper to reject the report where one of the three commissioners appointed by the court "neither attended any of the hearings, nor subscribed the * * * award, nor otherwise participated in determining the amount of the claimants' compensation" (see *Matter of County of Nassau [Davison]*, 22 AD2d 928, 929). However, commissions of appraisal are no longer a part of the condemnation procedure and the remand to Special Term is directed pursuant to the EDPL (L 1977, ch 839, § 1, eff July 1, 1978). We suggest that at the *de novo* hearing, the parties stipulate into evidence the lengthy testimony adduced before the commissioners, which may be supplemented with any additional proof they may wish to offer. Were we not remanding to Special Term but to the commissioners, we would note our disagreement with the directive contained in the last decretal paragraph of the order under review, which mandated that certain rental income be included in the capitalization process. That directive usurped the prerogatives of the commission (see, e.g., *Matter of Huie [Fletcher—City of New York]*, 2 NY2d 168; *Yonkers Urban Renewal Agency v 44 Prospect St.*, 49 AD2d 894). As to Mr. Greco's appraisal, it was obtained for the purpose of negotiating the advance payment, the same reason why the other two appraisals were obtained. The status of the appraisal is not changed, by plaintiff's mention of it on a pretrial motion, to one of an adopted or otherwise approved appraisal (cf. *Matter of Town of Oyster Bay [Bruce]*, 54 AD2d 762). Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.