■ CONSOLIDATED GAS SUPPLY CORPORATION, Respondent-Appellant, v ANTHONY P. GENOVESI, Appellant-Respondent.—Cross appeals from an order of the County Court at Special Term, entered March 8, 1978 in Albany County, which (1) denied a motion to confirm a report of Commissioners of Appraisal; (2) rejected and set aside the report; and (3) directed a new hearing before different commissioners. By County Court order, Anthony Paul Genovesi's property was condemned to grant Consolidated Gas Supply Corporation a 60-foot permanent easement for the purpose of installing a

16-inch natural gas pipeline. The court appointed Commissioners of Appraisal to ascertain compensation, and the commissioners viewed the premises on two occasions and held hearings on several others. By report dated February 11, 1976, the commissioners found that the highest and best use of the property at the time of taking was for agricultural purposes. They further found that as a result of the condemnation Genovesi had sustained $8,000 damages due to the permanent easement; $1,250 damages due to crop loss; $1,000 damages as a result of a 30-foot temporary easement; and $15,500 consequential damages. Thereafter, Genovesi moved the court for an order confirming the report and awarding special costs. The court, in taking objection only with the award of consequential damages, reasoned that since the highest and best use of the land was for agricultural purposes, the award for consequential damages constituted an "error of law". The court set aside the entire report and directed a hearing before new commissioners. There should be an affirmance. There is no merit to Consolidated Gas' contention that the court should have excised from the report the award of consequential damages and confirmed the remainder of the report. To delete the consequential damage award from the total award would constitute a modification of the report, a result prohibited by statute and case law (*Amsterdam Urban Renewal Agency v Johnson,* 60 AD2d 661). In reviewing a report of Commissioners of Appraisal, a court may only confirm or reject the report. It may not weigh the evidence, and the report may not be set aside unless there was an irregularity, or an error of law, or the award was excessive or insufficient (*Home Gas Co. v Miles,* 46 AD2d 562, 566; Condemnation Law, § 15 [repealed, succeeded by the Eminent Domain Procedure Law]). Since there was no evidence to support the award for consequential damages, the report was properly set aside. The only testimony as to consequential damages was based upon the conclusion of Genovesi's appraiser that the highest and best use of the land was for "single family residences", and that a high pressure gas line would have an inhibiting effect on the sale of nearby land for residential purposes. However, the commissioners found that the highest and best use of the land was for agricultural purposes. Although in a proper case consequential damages may be awarded where the land's highest and best use is for agricultural purposes (see *Smith v State of New York,* 49 Misc 2d 985, affd 29 AD2d 1050), where, as here, there is no testimony as to the consequential damages to nearby land if used for agricultural purposes, the award is without adequate basis and cannot stand. Since the facts did not justify the award herein, it was excessive and properly rejected. We also reject the contention of Consolidated Gas that the court abused its discretion in directing a rehearing before new commissioners. Section 15 of the former Condemnation Law expressly vests the court with such authority, and we perceive no reason which would justify disturbing the court's exercise of its statutory discretion. Finally, since the report has been set aside, the County Court properly ordered that all other questions of costs and additional allowances should abide the determination of the report of the new commissioners (see former Condemnation Law, § 16, subd 2). We have considered the other contentions raised by the parties and find them totally lacking in merit. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.