■ NORTHEASTERN ENVIRONMENTAL DEVELOPERS, INC., Appellant, v TOWN OF COLONIE et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered February 7, 1979 in Albany County, granting defendants' motion for summary judgment and dismissing plaintiff's complaint. Plaintiff has owned approximately three and one-half acres of undeveloped land in the Town of Colonie since 1971. In accordance with a comprehensive plan and ordinance adopted pursuant to a local law enacted in 1966, a 42-acre tract, encompassing the subject parcel, was zoned residen-

tial B-3, which permitted the erection of apartment complexes. In 1977 plaintiff submitted final plans to the Town of Colonie Planning Board for the construction of four eight-unit apartment buildings on its property. The plans were apparently approved by the town zoning board of appeals, but local residents banded together and petitioned for a zoning change. Their vocal opposition to the proposed complex caused the town planning department to conduct a study of the area which culminated in the recommendation and passage of Local Law No. 4 of 1977. This law rezoned the 42-acre tract from a B-3 classification to an A-2 district and effectively restricted housing construction to single-family dwellings. It should be noted that, as to adjoining lands, only the area to the north was previously zoned A-2. Parcels to the south and west were zoned as business E, while the Latham Community Association and a little league baseball park occupied property to the east. Thus barred from pursuing its original plans for development, plaintiff commenced this action for a declaratory judgment seeking to declare Local Law No. 4 of 1977 null and void, arbitrary, unconstitutional and confiscatory. After joinder of issue, defendants' motion for summary judgment dismissing the complaint was granted and this appeal ensued. Without reaching the constitutional issues, we conclude that there must be a reversal. In exercising its zoning power (Town Law, § 261), a town must make its regulations "in accordance with a comprehensive plan" which, among other things, should "promote [the] health and general welfare" (Town Law, § 263). Such a comprehensive plan was duly enacted in 1966 providing the required "properly balanced and well-ordered plan for the community" (see *Berenson v Town of New Castle,* 38 NY2d 102). When a zoning amendment is in derogation of that plan, it would not be in the interest of the general welfare of the community as a whole, and would be invalid. Prior to any amendment there must be deliberate consideration of reasonable alternatives and the ultimate decision should not be grounded on the particular desires of an articulate minority, or even a majority, of the community *(Udell v Haas,* 21 NY2d 463). We find no evidence in this record indicating that defendants gave consideration to any alternatives. We note also that while Special Term's observation that a zoning amendment is entitled to a "presumption of validity" is generally correct, if the amendment was effectuated primarily for the purpose of appeasing a vocal minority and was not adopted in furtherance of the comprehensive plan, it would necessarily follow that there has been a failure to comply with the requirements of section 263 of the Town Law *(Udell v Haas, supra,* pp 470, 474). At the very least, serious factual issues have been raised which, upon the present record, are enough to compel the denial of summary judgment to defendants. Order reversed, on the law, and motion denied, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.