■ In the Matter of VILLAGE OF HILTON, Respondent, v GEORGE A. EDELMAN et al., Appellants. — Order unanimously reversed, with costs, motion to confirm granted, and, as a matter of discretion, an additional allowance of costs of 5% upon the amount of the award is granted (Condemnation Law, § 16, subd 2). Memorandum: Special Term granted plaintiff's cross motion to vacate the award in this condemnation proceeding on the grounds that the Commissioners of Appraisal considered evidence not contained in an appraisal report in violation of our rule 1024.24 (22 NYCRR 1024.24 [e]) and relied on evidence that had been excluded from the record upon plaintiff's objection. The scope of judicial review of a commissioners' report is strictly limited *(Consolidated Gas Supply Corp. v Genovesi,* 72 AD2d 875; *Rome Urban Renewal Agency v Sanzone,* 51 AD2d 678). "The court cannot modify but must either confirm the report or reject it for irregularities in the proceeding, or because it is based on an erroneous principle of law, or because it ' "shocks not only one's sense of justice, but one's conscience" ' *(Matter of Huie [Fletcher],* 2 N Y 2d 168, 171)" *(Niagara Falls Urban Renewal Agency v Harkins,* 40 AD2d 1075, mot for lv to app den 31 NY2d 648). The subject property consisted of approximately 2,600 square feet of vacant paved land situate in the midst of a public parking lot. Both appraisers employed the market data approach to valuation. Plaintiff's appraiser determined that the highest and best use of the parcel was its existing use as a parking lot and estimated a value of $6,500. Defendants' appraiser determined that the highest and best use was a commercial use permitted by the zoning ordinance, but employed comparables that were consistent with a highest and best use as a parking lot. He estimated the fair market value to be $16,000. Since both appraisers in fact relied upon comparables with a highest and best use as a parking lot, the appraisals were at least minimally sufficient to establish a range of expert opinion supported by competent evidence *(Sapia v State of New York,* 33 AD2d 821; see *Lott v State of New York,* 55 AD2d 1032, 1033; cf. *West Seneca Cent. School Dist. v State of New York,* 60 AD2d 760). The commissioners' award of $12,000 was within the range, does not shock our conscience and consequently must be upheld unless there was prejudicial legal error in the proceedings (see *City of Buffalo v Goldman,* 63 AD2d 828, 829; *Brown v State of New York,* 52 AD2d 1079; 17 Carmody-Wait 2d, New York Prac, § 108:279; cf. *County of Columbia v Ostrander,* 33 AD2d 973). At the hearing, the commissioners ruled, over plaintiff's objection, that all evidence of the value of the property be accepted regardless of whether it was contained in the defendants' appraisal report. Although this ruling was in contravention of our appraisal rule (22 NYCRR 1024.24 [e]), the error consisted of a technical breach of an evidentiary rule and was not prejudicial because the evidence erroneously admitted merely established that the parcel had potential commercial use as, *inter alia,* a Fotomat

store, a sporting goods store or a small auto parts store (see *Novickis v State of New York,* 44 AD2d 508). Defendants did not attempt to assign an increment of value to this commercial potential or to introduce new commercial comparables, but merely employed this evidence as proof of a commercial highest and best use. Our appraisal rule should not be mechanically or rigidly applied to exclude all evidence not contained in the appraisal report, and any violation of the rule here was harmless (see *Matter of Barker's Stores v Board of Review of City of Auburn,* 74 AD2d 994, 995; *Mara v State of New York,* 38 AD2d 789; cf. *Matter of City of Rochester v Iman,* 51 AD2d 651). Similarly, the commissioners' consideration of previously excluded evidence of the subject's proximity to the loading dock of an adjoining supermarket was harmless error. No evidence was received of the value of the subject to the supermarket, and the mere proximity to and use by the supermarket were matters that could have been within the personal knowledge of the commissioners or observed during the compulsory viewing of the property. Since the commissioners' award is entitled to the benefit of every intendment *(Matter of Huie [Fletcher], supra,* p 171), and may not be set aside for technical errors in the admission or exclusion of evidence *(Adirondack Power & Light Corp. v Evans,* 226 App Div 490, 494). Special Term erred by rejecting the report. (Appeal from order of Monroe Supreme Court, Erwin, J. — condemnation). Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.