■ ANTHONY ITALIANO, Respondent-Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent. — Order unanimously modified in accordance with memorandum and, as modified, the order and judgment affirmed, without costs. Memorandum: In trial proceedings under article 7 of the Real Property Tax Law, the trial court ordered reduction of the assessment on premises at 708 James Street in the City of Syracuse for the years 1975 through 1981. The order includes the following paragraphs: "ORDERED, that the petitioner shall not apply for a further reduction in the amount of full value found herein for a period of three years from the date of this order without first establishing before the court a substantial change in circumstances, and it is further ORDERED, that the respondent, Robert Z. Srogi, as Commissioner of Assessment of the City of Syracuse or his successor, shall not increase the full value of said premises above the full value found herein for a period of three years from the date of this order without first applying to the court for permission. Such application shall show that there has been a substantial change in circumstances."

Although notices of appeal filed by both parties are more broadly directed as to both the order and the judgment entered thereon, the only issue presented by the parties relates to the validity of the quoted ordering paragraphs, the effect of which is to enjoin the parties from taking otherwise permissible action respecting future assessments without first seeking court approval. We find no authority, absent stipulation of the parties, for the imposition of such restraint upon either the taxpayer or the taxing authority. The court's power is limited to review of tax assessments made by taxing authorities (*People ex rel. City of New York v Keeler,* 237 NY 332; Real Property Tax Law, § 700). It is only upon a showing that there has been a deliberate misuse of the taxing power that a court may intervene to restrain enforcement of the tax in order to prevent the threatened loss of a taxpayer's property (*Grant Co. v Srogi,* 52 NY2d 496, 517). Such is not the case here and thus both ordering paragraphs should be deleted. (Appeals from order and judgment of Supreme Court, Onondaga County, Tenney, J. — assessment review.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.