■ CONIFER DEVELOPMENT, INC., Respondent, v CITY OF SYRACUSE, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: Defendant, City of Syracuse, appeals from a judgment which declared void an amendment to the city's zoning ordinance. Trial Term properly found that the amendment did not comply with subdivision 25 of section 20 of the General City Law. Zoning amendments are presumed to be constitutional (*Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61; *Kravetz v Plenge,* 84 AD2d 422). Nevertheless, the amendment will not be upheld when it is not in accordance with a comprehensive plan (*Udell v Haas,* 21 NY2d 463; *Albright v Town of Manlius,* 34 AD2d 419, mod 28 NY2d 108). In the instant case, the common council failed adequately to consider the needs of the entire community before adopting the zoning change (see *Udell v Haas, supra; Northeastern Environmental Developers v Town of Colonie,* 72 AD2d 881, app dsmd 49 NY2d 800). (Appeal from judgment of Supreme Court, Onondaga County, Sullivan, J. — declaratory judgment.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ In the Matter of SUNNYCREST APARTMENTS, INC., Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, et al., Appellants. — Judgment unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: In this real property tax assessment proceeding under article 7 of the Real Property Tax Law the parties utilized the "band of investment" method of calculating the capitalization rate. The trial court based its calculation on an average mortgage interest rate of 10% and an expected rate of return on equity of between 7% and 10%, rates within the range of the trial testimony. The court correctly found a capitalization rate of 15.2% in accordance with the band of investment formula after necessarily converting the mortgage interest rate into an annual constant, adjusting for a return on equity of 8.5% and adding a tax factor of 4.2%. The city's argument that the court erred in excluding stoves and refrigerators located in petitioner's apartment from the taxable real property value is without merit. Personal property is not subject to ad valorem taxation (Real Property Tax Law, § 300), and section 102 (subd 12, par [b]) of the Real Property Tax Law, which defines real property for assessment purposes, does not express a legislative intent to change the nature of such personal property for tax purposes (see *Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, 30, affd 38 NY2d 883; see, also, *Madfes v Beverly Dev. Corp.,* 251 NY 12). However, the court improperly limited for a period of three years the right of petitioner to apply for a further reduction in taxes and the right of the city to adjust the property value without first seeking court approval (see *Italiano v Srogi,* 89 AD2d 1054). This decretal paragraph of the judgment must be deleted. (Appeal from judgment of Supreme Court, Onondaga County, Tenney, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.