■ ELLA KASZUBOWSKI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64012.)—Judgment unanimously affirmed, without costs. Memorandum: On August 16, 1978, the State appropriated 25.9 acres of claimant's land situate in the Town of Boston, for use as a right-of-way for Route 219, the Southern Tier Expressway. Prior to the taking, this property consisted of 85 acres of land improved with a farmhouse, detached garage, barn and several other structures used in conjunction with claimant's operation of a dairy farm. At trial, claimant's appraiser testified that the highest and best use of the property was for residential development and estimated that total damages, direct and consequential, caused by the partial taking were in the amount of $113,200. The State's appraiser believed the highest and best use of the property was residential-agricultural and placed a value on damages caused by the appropriation in the amount of $49,-100. The court found the highest and best use of the property

for development as rural-residential in keeping with the existing zoning which permitted residential development and farming. The court awarded claimant $51,320, plus interest, representing the total of direct and consequential damages attributable to the State's appropriation of the 25.9-acre portion of claimant's land.

On appeal, claimant contends that the award was inadequate and maintains that the court's finding of the highest and best use was contrary to the evidence. We cannot agree. It is clear from the record that the court found the highest and best use identical to that submitted by both parties' appraisers, namely, interim farm use with the potential for residential development. We find no error in the court's evaluation for the appropriated property. Since both appraisers used the market data approach and utilized and adjusted comparables on the basis of their utility for residential development, the appraisals were sufficient to establish a range of expert testimony within which it was the court's obligation to find a value (*Matter of Village of Hilton v Edelman,* 83 AD2d 767). The record supports the Court's determination to award claimant an increment of $200 per acre. Furthermore, there is no error in finding consequential damages of $800 per acre to the landlocked portion of the subject property. A component finding which deviates from the range of expert testimony will not be disturbed if sufficiently explained by the court and supported by the record (*Matter of City of New York [Reiss],* 55 NY2d 885, 886; *Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 432-433). The court's finding of the before value of the property, $1,200 per acre, is within the range of expert testimony and is supported by the record. Likewise, the court's finding of an after value of $400 per acre was the same as that submitted by claimant's appraiser. It is the difference between the before and after value of a remaining parcel which is the measure of consequential damages (*see, McDonald v State of New York,* 42 NY2d 900). Where consequential damages are properly calculated by the difference between the findings as to the property's before and after value which are themselves supported by the record, the finding of consequential damages is not arbitrary and thus should not be disturbed even where the calculation itself is not, strictly speaking, within the range of expert testimony. (Appeal from judgment of Court of Claims, McMahon, J.—appropriation.) Present— Callahan, J. P., Boomer, Green, Pine and Schnepp, JJ.