In the Matter of CITY OF ROCHESTER, Appellant, v JACK G. LUBELLE, Respondent.—Order and judgment unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following Memorandum: On this appeal from an order and judgment awarding the sum of $542,680 as compensation for the condemnation of respondent's 3-story office building, the City of Rochester contends that Supreme Court erred in concluding that it was required to find a separate value for land and buildings and apply a split capitalization rate under the income approach to valuation. We agree. There are no fixed rules for establishing a capitalization rate (Onondaga Sav. Bank v Cale Dev. Co., 63 AD2d 415, 418). It is an issue of fact dependent upon the proof and arguments in any particular case (supra; see also, Matter of Burke Apts. v Swan, 137 AD2d 321, 325-326; Kurnick v State of New York, 54 AD2d 1098). Use of an overall capitalization rate to arrive at a value of the property as a unit has been approved by this court on numerous occasions (see, e.g., Matter of Sunnycrest Apts. v Srogi, 100 AD2d 730; Matter of Schoeneck v City of Syracuse, 93 AD2d 988; Onondaga Sav.

*Bank v Cale Dev. Co., supra).* In this case, both appraisers applied an overall capitalization rate in their respective income approaches to valuation of the subject property as a unit. The City's appraiser used the mortgage equity method to capitalize income. Respondent's appraiser relied upon the property residual method, but also considered the mortgage equity method as a check upon the value indicated by the property residual method. As a result, there was no record evidence to support the court's use of a split capitalization rate for land and buildings, and the court's use of a 6% capitalization rate to establish a value attributable to the land was unsupported by the record.

Neither party has challenged the trial court's findings that the income approach is the most reliable indicator of value for the subject property and that the annual net income for subject property was $44,868. We conclude that use of the mortgage equity method and the capitalization rate developed by respondent's appraiser is supported by the evidence and provides the most reliable indicator of value for the subject property. Accordingly, we modify the order and judgment to award respondent the sum of $498,533. (Appeal from Order and Judgment of Supreme Court, Monroe County, Affronti, J. —Condemnation.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.