■ In the Matter of County of Dutchess, Respondent, v Dutchess County Industrial Development Agency et al., Respondents, and 60 Market Street Associates, Appellant. [624 NYS2d 442] —In an eminent domain proceeding, the appeal is from a judgment of the Supreme Court, Dutchess County (Palella, J.), dated November 10, 1992, which, after a nonjury trial, *inter alia,* awarded the appellant the principal sum of only $640,243.23 ($8,121,821 minus $7,481,577.77 previously paid to the appellant).

Ordered that the judgment is affirmed, with costs.

In determining an award to an owner of condemned property, the trial court's findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court *(Matter of City of New York [Reiss],* 55 NY2d 885, 886; *Kaszubowski v State of New York,* 112 AD2d 742, 743; *see also, Ingber v State of New York,* 187 AD2d 826, 829; *Gerosa, Inc. v State of New York,* 180 AD2d 552, 553). Here, the trial court's determination of the value of the property was within the range established by the appellant's expert and the County's expert. Moreover, the trial court's explanation for its partial reliance on the testimony of the County's appraiser was adequate, the court's reliance was warranted, and its findings are based upon the evidence *(see, Yonkers City Post No. 1666 v Josanth Realty Corp.,* 67 NY2d 1029, 1031; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705).

The trial court properly accepted the capitalization rate established by the County's appraiser. The proper capitalization rate is a factual question for the trial court, and the opinion evidence of an appraiser is competent evidence of that rate *(see, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra,* at 706; *Matter of Burke Apts. v Swan,* 137 AD2d 321, 325; *Star Plaza v State of New York,* 79 AD2d 746, 747; *Kurnick v State of New York,* 54 AD2d 1098; *see also, Matter of City of Rochester v Lubelle,* 174 AD2d 1000). We decline to disturb the trial court's findings in view of the evidence on this issue.

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.