■ LITTLE JOSEPH REALTY, INC., Appellant, v TOWN BOARD OF THE TOWN OF BABYLON et al., Respondents. [859 NYS2d 696]—

In an action, inter alia, for a judgment declaring that Local Law Nos. 13 and 16 (2005) of the Town of Babylon, which amended the Town's Zoning Code to authorize hot-mix asphalt facilities as a special exception use in all industrial districts, constituted illegal spot zoning, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 17, 2007, which, inter alia, denied its motion for summary judgment, granted the cross motion of the defendants Town Board of the Town of Babylon and Town of Babylon for summary judgment and, in effect, directed the entry of a judgment declaring that

Local Law Nos. 13 and 16 (2005) of the Town of Babylon are valid.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

A Town's zoning power must be exercised "in accordance with a comprehensive plan" (Town Law § 263; *see Asian Ams. for Equality v Koch,* 72 NY2d 121, 131 [1988]). Spot zoning is the process of singling out a small parcel of land, for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners (*see Rodgers v Village of Tarrytown,* 302 NY 115, 123 [1951]). A municipality that engages in spot zoning fails to satisfy the statutory requirement, since it is not acting in accordance with a comprehensive plan (*see Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 600 [1981]; *Conifer Dev. v City of Syracuse,* 100 AD2d 730 [1984]).

Here, the Supreme Court properly found that the zoning amendments did not allow for a use that was different from that allowed in the surrounding area and was in conformity with the comprehensive plan calculated to serve the general welfare of the community (*see Rodgers v Village of Tarrytown,* 302 NY 115 [1951]; *Matter of Stone v Scarpato,* 285 AD2d 467 [2001]). The Town Board engaged in an extensive review of the zoning amendments prior to their enactment, giving sufficient forethought to the community's land use problems (*see Udell v Haas,* 21 NY2d 463 [1968]; *Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 221 [1998]). The Town Board did not enact the zoning amendments for the benefit of a single owner for a specific purpose only (*cf. Matter of Augenblick v Town of Cortlandt,* 66 NY2d 775 [1985]; *Matter of Yellow Lantern Kampground v Town of Cortlandville,* 279 AD2d 6 [2000]).

Accordingly, the Supreme Court properly, in effect, directed the entry of a judgment declaring that Local Law Nos. 13 and 16 (2005) of the Town of Babylon are valid. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.