Matter of Star Prop. Holding, LLC v Town of Islip (2018 NY Slip Op 05849)





Matter of Star Prop. Holding, LLC v Town of Islip


2018 NY Slip Op 05849


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-03037
 (Index No. 20884/14)

[*1]In the Matter of Star Property Holding, LLC, et al., appellants, 
v
Town of Islip, et al., respondents, et al., defendant.


Avrutine & Associates, PLLC, Syosset, NY (Howard D. Avrutine of counsel), for appellants.
John R. DiCioccio, Town Attorney, Islip, NY (William F. Garbarino of counsel), for respondents Town of Islip, Town Board of the Town of Islip, Town of Islip Planning Board, and Town of Islip Department of Planning and Development.
Harris Beach, PLLC, Melville, NY (Keith P. Brown of counsel), for respondent QuickCheck Corporation.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated February 22, 2016. The judgment, insofar as appealed from, denied so much of the petition as sought to review a determination of the Town Board of the Town of Islip that approved a zoning change and the issuance of special use permits, adopted a negative declaration under the State Environmental Quality Review Act, and dismissed that part of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In October 2013, in connection with a proposed redevelopment of certain property in the Town of Islip, QuickChek Corporation (hereinafter QuickChek) submitted an "Application for Modification of Land Usage" (hereinafter the application) to the Town of Islip Town Board (hereinafter the Town Board) and the Town of Islip Planning Board (hereinafter the Planning Board). The application sought from the Town Board, among other things, a change of zoning of the property from Business One District to Business Three District, and a special permit for use of the property as a gasoline service station and a convenience store. The application sought from the Planning Board, among other things, special permits for a convenience store and a "minor restaurant."
On August 7, 2014, the Planning Board passed a resolution stating that it had reviewed the environmental impacts associated with the application, and granted QuickChek's application, among other things, for special permits for a convenience store and a "minor restaurant." The Planning Board also recommended that the Town Board approve the application for a change in zoning and for a special permit for the operation of a gasoline service station and a convenience store.
On September 25, 2014, after three public hearings and the completion of a "Short Environmental Assessment Form," which concluded that the proposed development of the property [*2]would not result in any significant adverse environmental impact, the Town Board granted QuickCheck's application for the zoning change and a special permit for a gasoline station, and the Town Board adopted a negative declaration under the State Environmental Quality Review Act (hereinafter SEQRA).
The petitioners, who are owners of nearby businesses and had opposed the application, commenced this proceeding pursuant to CPLR article 78 seeking to annul the actions of the Town Board and the Planning Board on various grounds, including that: (1) the Planning Board violated General Municipal Law § 239-m by failing to refer the application to the Suffolk County Planning Commission; (2) the Town Board and Planning Board violated SEQRA by failing to independently and adequately examine the application before finding that it would cause no significant adverse environmental impacts; (3) the Town Board engaged in illegal "spot zoning"; (4) the Town Board violated Town Law § 263 by rezoning the property; (5) the Town Board's actions were arbitrary and capricious; and (6) the Town Board and the Planning Board violated the Open Meetings Law (see Public Officers Law article 7). Although the petitioners styled the proceeding as a hybrid proceeding and action, the relief that they sought was entirely in the nature of mandamus to review pursuant to CPLR article 78. The respondents opposed the petition, challenging, among other things, the petitioners' standing to bring the proceeding.
The Supreme Court rejected the respondents' challenge to the petitioners' standing and granted so much of the petition as sought to annul the Planning Board's resolution granting QuickChek's application for special use permits for a convenience store and minor restaurant on the ground that the Planning Board violated General Municipal Law § 239-m. The court otherwise denied the petition and dismissed the proceeding. The petitioners appeal.
Preliminarily, we agree with the Supreme Court's determination that the petitioners have standing to bring this proceeding. The petitioners have alleged sufficient harm other than merely an increase in competition that they would sustain as a result of the proposed development (see Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 311; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773; Matter of Duke & Benedict v Town of Southeast, 253 AD2d 877, 878-879; cf. Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807).
On the merits, we agree with the Supreme Court's rejection of the petitioners' claims regarding SEQRA violations. The application constituted one action for the purposes of SEQRA review, even though it involved several steps and necessitated input from other agencies within the Town (see 6 NYCRR §§ 617.2[b][1]; 617.3[g]; cf. Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62). The Town Board, as lead agency for that action (see 6 NYCRR §§ 617.2[u]; 617.6[b]), was required under SEQRA to review the application and determine whether it would result in any significant environmental impact (see 6 NYCRR § 617.3). The record does not support the petitioners' contention that the Town Board improperly delegated its responsibilities as lead agency under SEQRA (cf. Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y., 72 NY2d 674, 680-681; Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay, 88 AD2d 484, 492-493).
Pursuant to SEQRA, the lead agency must identify the relevant areas of environmental concern, take a hard look at those areas of concern, and set forth its determination of significance in a written form containing a reasoned elaboration (see 6 NYCRR § 617.7[b]; Matter of Kahn v Pasnik, 90 NY2d 569, 574). Judicial review of a negative declaration under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took the requisite hard look, and made a reasoned elaboration of the basis for its determination (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d 1123, 1127). Here, the Town complied with SEQRA's requirements before making a negative declaration.
We agree with the Supreme Court's determination that the Town Board's rezoning of the subject property did not constitute illegal spot zoning. Spot zoning is the singling out of a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners (see Little Joseph Realty, Inc. v Town Bd. of the Town of Babylon, 52 AD3d 478, 479; cf. Matter of Cannon v Murphy, 196 AD2d 498, 500). In evaluating a claim of spot zoning, the inquiry focuses on whether the rezoning [*3]is part of a well-considered and comprehensive plan calculated to serve the general welfare of the community (see Little Joseph Realty, Inc. v Town Bd. of the Town of Babylon, 52 AD3d at 479). Here, the petitioners failed to establish that the rezoning of the property from Business One District to Business Three District is inconsistent with the Town's comprehensive plan and incompatible with the surrounding uses (see Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 683-684; Little Joseph Realty, Inc. v Town Bd. of the Town of Babylon, 52 AD3d at 479).
The record does not support the petitioners' contention that the Open Meetings Law was violated (see Public Officers Law §§ 100, 103). Moreover, the Town Board's determination granting the application for the zoning change and the special permits for a gasoline station and convenience store was not arbitrary and capricious (see CPLR 7803[3]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 773-774).
The parties' remaining contentions are without merit.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court