Matter of Tampone v Town of Red Hook Town Bd. (2023 NY Slip Op 02012)

Matter of Tampone v Town of Red Hook Town Bd.

2023 NY Slip Op 02012

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-05619
 (Index No. 53040/18)

[*1]In the Matter of Dominic Tampone, appellant,
v
Town of Red Hook Town Board, et al., respondents-respondents, et al., respondents.

Whiteman Osterman & Hanna LLP, Albany, NY (William S. Nolan and Jon E. Crain of counsel), for appellant.
Law Offices of Rodenhausen Chale & Polidoro LLP, Rhinebeck, NY (J. Patrick Logan of counsel), for respondents-respondents (no brief filed).

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town Board of the Town of Red Hook dated May 30, 2018, as adopted a resolution enacting section 7.2 (misnumbered as section 8.2) of Local Law No. 3 of 2018 of the Town of Red Hook, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated April 2, 2019. The order and judgment, insofar as appealed from, denied the petition insofar as asserted against the respondents Town of Red Hook Town Board and Robert McKeon, as Supervisor of the Town of Red Hook and Chairman of the Town Board, and dismissed the proceeding insofar as asserted against those respondents.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
In September 2018, the petitioner, an owner of certain residential real property in the Town of Red Hook, commenced this proceeding pursuant to CPLR article 78 against the Town Board of the Town of Red Hook (hereinafter the Town Board), Robert McKeon, as the Town Supervisor and Chairman of the Town Board (hereinafter together the Town respondents), and certain neighbors of the petitioner who own property adjoining the petitioner's property (hereinafter collectively the neighbors), to annul certain amendments to the Zoning Law of the Town of Red Hook, Dutchess County, New York (hereinafter the Zoning Code) § 143-18(D), denominated as section 7.2 (misnumbered as section 8.2) of Local Law No. 3 of 2018 of the Town of Red Hook (hereinafter section 7.2).
The petitioner alleged that section 7.2 was adopted in violation of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), violated the uniformity requirement of Town Law § 262, and constituted improper spot zoning. Thereafter, the neighbors moved pursuant to CPLR 3211(a)(7) to dismiss the petition insofar as asserted against them. In an order and judgment dated April 2, 2019, the Supreme Court granted the neighbors' motion, denied the petition insofar as asserted against the Town respondents on the ground that the petitioner, in this proceeding, was raising the same issues he raised or could have raised in a related hybrid proceeding/action (see Matter of Tampone v Town of Red Hook Zoning Bd. of Appeals, ___ AD3d [*2]___ [decided herewith]), and dismissed the proceeding. The petitioner appeals from so much of the order and judgment as denied the petition insofar as asserted against the Town respondents and dismissed the proceeding insofar as asserted against the Town respondents. We affirm, albeit for different reasons than those relied upon by the Supreme Court.
The Supreme Court should have denied the petition insofar as asserted against the Town respondents on the ground that the petition failed to set forth a basis upon which to annul section 7.2, rather than on the ground that it was barred by the doctrine of collateral estoppel. The defense of collateral estoppel is inapplicable here (see Simpson v Alter, 78 AD3d 813, 814), since there is no "identicality of issues" between this proceeding challenging section 7.2 and the related hybrid proceeding/action challenging Local Law No. 1 of 2018 of the Town of Red Hook (Rienzi v Rienzi, 23 AD3d 450, 450). In any event, the Town respondents waived the defense of collateral estoppel by failing to raise it as an affirmative defense or moving to dismiss the petition on that ground (see e.g. Matter of Brown v Stanford, 163 AD3d 1337, 1338).
Nonetheless, the petition was properly denied insofar as asserted against the Town respondents, as it does not identify a basis for annulling section 7.2. Where, as here, "an action is designated a Type I action, there is 'the presumption that it is likely to have a significant adverse impact on the environment and may require an [environmental impact statement]'" (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925, quoting 6 NYCRR 617.4[a][1]). "An environmental impact statement is only required if the 'proposed action included the potential for at least one significant adverse environmental impact'" (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d at 925, quoting Matter of Center of Deposit, Inc. v Village of Deposit, 90 AD3d 1450, 1453). Where the lead agency, after taking "a hard look" at the relevant environmental concerns, "determines that the project will have no significant adverse environmental impacts, and issues a negative declaration to that effect, the [environmental impact statement] may be dispensed with as unnecessary, even for a Type I action" (Matter of Incorporated Vil. of Poquott v Cahill, 11 AD3d 536, 540).
Judicial review of a lead agency's negative declaration is limited to "whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d 969, 971; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). Upon judicial review, "a court is not free to substitute its judgment for that of the agency on substantive matters" (Akpan v Koch, 75 NY2d 561, 571). Instead, the issue is whether the negative declaration was affected by an error of law, or was arbitrary and capricious, or was an abuse of discretion (see Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 970; Matter of Bonacker, Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 931).
Here, contrary to the petitioner's contention, the Town Board did not violate SEQRA when it adopted section 7.2. The record demonstrates that the Town Board identified relevant areas of environmental concern, took the requisite hard look at them, and made a reasoned elaboration for the basis of its determination (see Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 971). The Town Board therefore satisfied its obligations under SEQRA before adopting section 7.2 (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 931-932).
The branch of the petition alleging that section 7.2 violates the uniformity requirement of Town Law § 262 is also without merit. "An ordinance will be held to uniformity if the record does not disclose any reasonable basis for differing treatment among similar parcels within a district" (Matter of Augenblick v Town of Cortlandt, 104 AD2d 806, 814 [Lazer, J.P., dissenting], citing 1 Anderson, American Law of Zoning, § 5.22, revd for reasons stated in dissent, 66 NY2d 775). Here, the record shows that section 7.2 does not discriminate amongst landowners because it does not grant any new rights or impose any new burdens on any landowner that did not already exist under the Zoning Code. In any event, even if section 7.2 could be construed as having a discriminatory effect, the record plainly evinces a "specialized circumstance[ ]" precluding application of Town Law § 262 here (Matter of Augenblick v Town of Cortlandt, 104 AD2d at 814).
The remaining branch of the petition, alleging that section 7.2 constituted improper spot zoning, is also without merit. "Spot zoning is the singling out of a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners" (Matter of Star Prop. Holding, LLC v Town of Islip, 164 AD3d 799, 802; see Little Joseph Realty, Inc. v Town Bd. of Town of Babylon, 52 AD3d 478, 479). "In evaluating a claim of spot zoning, the inquiry focuses on whether the rezoning is part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" (Matter of Star Prop. Holding, LLC v Town of Islip, 164 AD3d at 802; see Little Joseph Realty, Inc. v Town Bd. of Town of Babylon, 52 AD3d at 479). Here, the record shows that section 7.2 is consistent with the Town's comprehensive plan calculated to serve the general welfare of the community and did not constitute improper spot zoning (see Little Joseph Realty, Inc. v Town Bd. of Town of Babylon, 52 AD3d at 479).
We therefore affirm the order and judgment insofar as appealed from.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court